————o————

JOSEPH CRAWSHAW, *et al.*, Appellants, *vs.* AUGUSTUS SUMNER, Respondent.

56  517
33a 400
56  517
40a 647
56  517
43a 436

1. *Party walls—Adjoining proprietors—Rights of—Tearing down—Re-building.*
—The owner of each building supported by a common wall is entitled to have it supported by such wall so long as it is in a condition to uphold it, but when it becomes ruinous or dangerous, so that it endangers the safety of the property or life of the occupants, neither party is obliged to wait till the building falls down, but may proceed to rebuild; and the adjacent proprietor who refuses or neglects to join in the expense has no right of action for the damage or inconvenience which is occasioned by such repairs or rebuilding of the wall. This does not justify carelessness or negligence in doing the work.

2. *Practice, civil—Trials—Instructions—Multiplicity of—Ground of refusal.*—Too great a multiplicity of instructions would only tend to confuse a jury, and of itself would be a good ground for their refusal.

*Appeal from St. Louis Circuit Court.*

*Lucien Eaton,* for Appellants.

I. The third instruction given assumes, as a fact, that the Fire Department had declared this wall to be in a dangerous condition, and had ordered its removal, thus withdrawing from the jury vital questions at issue as to this very matter. This was gross error. (Thompson vs. Botts, 8 Mo., 710; Chouquette vs. Barada, 28 Mo., 491; Merritt vs. Green, 34 Mo., 98; Sawyer vs. Hannibal & St. Jo. R. R. Co., 37 Mo., 240; Glasgow vs. Lindell, 50 Mo., 60.)

II. The first and second instructions given, *restrict* the injuries, for which plaintiffs could recover, to the single matter of the partition wall, and exclude from the jury all other matters, although the pleadings and the evidence relate in terms directly to other walls and other matters. This is a fatal error. (Sigerson vs. Pomeroy, 13 Mo., 620; Mead vs. Broth-

erton, 30 Mo., 201; Rose vs. Spies, 44 Mo., 20; First National Bank vs. Currie, 44 Mo., 91; Meyer vs. Pacific R. R. Co., 45 Mo., 137; Budd vs. Hoffheimer, 52 Mo., 297.)

III. A trespasser cannot escape liability for direct and immediate injuries inflicted by his own torts, on the ground that the injured party has omitted skill, care and expense proportioned to the gravity of the wrongs inflicted. The proposition is monstrous, and has no basis in reason or the authorities. The instructions given for defendant on this point were erroneous. (Douglas vs. Stephens, 18 Mo., 362; Greenland vs. Chapin, 5 Ex., 247.)

The rule invoked relates only to remote and consequential damages.

IV. The instructions refused for plaintiffs embraced correct propositions pertinent to the issues and the evidence, and to matters not covered by the instructions given, and were erroneously refused.

V. If property in the possession of the owner is injured by the acts of another, in the absence of further facts, the latter is *prima facie* liable. This was the rule of the third instruction refused. The real defense in this case was affirmative, and to be established by defendant. (Tow Co. vs. Orphan's Benefit Ins. Co., 52 Mo., 529.)

VI. Neither owner of a party wall can remove or interfere with it, unless by consent of the other. If he do so for any purpose, even for improvements within his own premises, he is liable to the other for any injury thereby arising. (Eno vs. Del Vechio, 4 Duer., 53; Brown vs. Pentz, 11 N. Y. Legal Obs., 24; Burlock vs. Peck, 2 Duer., 90; Ogden vs. Jones, 2 Bosw., 685; Sherred vs. Cisco, 4 Sandf., 480; Campbell vs. Mesier, 4 Johns., C. H., 334; Armstrong vs. Schermerhorn, 2 N. Y. Leg. Obs., 40; Partridge vs. Gilbert, 15 N. Y., 601; S. C., 3 Duer, 185; Wolfe vs. Frost, 4 Sandf., Ch., 72; Brondage vs. Warner, 2 Hill., 145, Webster vs. Stephens, 5 Duer., 553; Watts vs. Hawkins, 5 Taunt., 20; Gibbons on Dilapidations, 110.)

*George Denison*, for Respondent.

I. The wall was a party wall. The evidence justifies the finding of the jury to that effect, and this is presumption of law, the pleadings showing that it was a wall of separation. (Washb. on Easem., [3d Ed.] 458; Partridge vs. Gilbert, 15 N. Y., 601; Campbell vs. Mesier, 4 Johns. Ch., 340.)

II. The wall was a party wall, and being ruinous and unsafe, defendant had a right to rebuild it. (Partridge vs. Gilbert, 15 N. Y, 601; Campbell vs. Mesier, 4 Johns. Ch., 340.)

III. The defendant had a right to assume that the party wall was sufficient and erected in the usual manner. (Hart vs. Baldwin, 1 N. Y. Legal Obs., p. 139.)

IV. The instructions given by the court went further than the appellants had a right to ask. The jury found that the wall was ruinous and unsafe, and this gave the respondent a right to take it down and rebuild. The court held the respondent liable for any interference with the wall, without regard to the care used.

NAPTON, Judge, delivered the opinion of the court.

This suit was brought by the lessees of a store on Fifth Street, under a lease which had four years to run, against the defendant, who was the owner and occupant of the adjoining store, for injuries received by the removal and rebuilding of the partition wall which separated the two buildings.

It seems that these two buildings had, since their erection, had a common wall between them; that the defendant built a third story on his building, and made an excavation to let in an elevator in the ground adjoining this party wall; that after this excavation and addition above, the party wall became obviously insecure and was so pronounced by the Chief or Superintendent of the Fire Department of the city; that the defendant then took down this party wall and rebuilt another on the same ground without consulting the owner of the adjoining building—though giving due notice to his tenants, the plaintiffs; and that this work of tearing down and rebuilding occasioned the injuries complained of by

plaintiffs; and this action was brought to recover damages for these injuries. Upon the trial there was abundant evidence to show that this work occasioned considerable injury to the stock of goods in plaintiff's store, and also put a stop to his business during its progress.

The details of this evidence, however, are unnecessary to be recited, as the case turns upon the propriety of the instructions. These were:

1. If the jury find from the evidence, that the wall between the buildings No. 413 and 415, North Fifth Street, St. Louis, was a party wall, located partly on the lot occupied by the plaintiffs, and partly on that of the defendant and used as a support to each building, and necessary to such support; that the defendant, without the consent of the plaintiffs, interfered with said party wall and weakened the same by cutting down the foundation wall, underpinning or otherwise, so that it became necessary to take it down and rebuild said wall, and that the plaintiffs were damaged thereby, they will find for the plaintiffs.

2. If the jury find, however, that said party wall was inherently defective, and that it became insecure and dangerous, and that it was necessary to remove and rebuild the same; that said dangerous and insecure condition and necessity for removal and rebuilding was caused directly by inherent defects in the wall and not by the acts of the defendant; and that in rebuilding said wall, the defendant acted with care and caution and diligence, then the jury will find for the defendant.

3. If the jury believe from the evidence, that said wall became dangerous through the interference with it of the defendant, Sumner, and not through its own inherent defects, independent of any acts of the defendant, rendering the same insecure, then the action of the Fire Department in declaring said wall to be in a dangerous condition and ordering its removal constitutes no defense.

4. If the jury find for the plaintiffs, they will assess in their behalf such damages as they may believe directly resulted from the acts of defendant, to-wit: direct loss or destruction

or deterioration of goods and loss of profits resulting from interruption of business, if, in the opinion of the jury, such profits would have been realized.

An additional instruction was given by the court, at the instance of the defendant, which was, that the plaintiff could not recover any damages which may have resulted from their own want of reasonable care, skill and expense, such as a prudent man would use to protect his property under the circumstances from the injuries likely to arise from taking down and rebuilding the party wall.

The plaintiffs asked 25 instructions, which were refused. We think it unnecessary to transcribe them, as the number of them alone is sufficient to justify a court in refusing them. Such a multiplicity of instructions would only tend to confuse the jury. The points of law in the case were few, indeed substantially only two—and twenty-five instructions could only be comments on particular parts of the testimony or repetitions of a principle of law, neither of which is it the duty of a court to give if the instructions given cover the whole ground of dispute.

The verdict was for the defendant, which the court refused to set aside, and the case is brought here for review.

The only question for our determination, is as to the propriety of the instructions. These instructions, it will be seen, were exceedingly favorable to the plaintiff. They assumed the law to be, as declared by Judge Sanford, in the case of Sherred vs. Cisco, (4 Sandf. 485) which questioned Chancellor Kent's opinion in Campbell vs. Mesier (4 John. Ch., 334) in regard to the right of contribution in such cases, and conceded that one proprietor of a party wall had no right to interfere with it, so long as it was safe and answered the purposes for which it was originally put up, but that when it became unsafe, or in a ruinous condition, either proprietor might tear it down and rebuild without the consent of the other, provided the work was done with reasonable expedition and proper care and skill.

This proposition in regard to the rights of the adjoining proprietor is conceded in the instructions, and the jury are only authorized by the court to find for the defendant, in case they should be of opinion that the party wall was insecure or dilapidated and unsafe, and in case this condition of the wall was not occasioned by any acts of the defendant in his attempted improvements on his house and cellar. As the case stands, then, under the finding of the jury on the instructions, we must assume that this wall was inherently defective, and that the defendant removed it with care and skill, and without delay. The facts of the case, then, as found by the jury, are substantially the same as they were in the case of Partridge vs. Gilbert and others, (15 N. Y., 606) in which it was expressly determined that where a party wall became insecure, the owner of either building might tear it down and rebuild it, provided he used proper care in so doing, and did not occupy any unreasonable time in the work. The point did not arise, whether he was entitled to contribution from the adjoining proprietor, in that case, nor does it here, but it is very clearly decided that the proprietor rebuilding was not responsible to his neighbor for the damage in loss of customers, interruption in business, or injury to his goods, resulting from the work.

The criticism of Judge Sanford upon Chancellor Kent's opinion in Campbell vs. Mesier, is based on the ground, that the learned Chancellor's doctrine was derived from the civil law, and that the common law recognized no such right as the right to rebuild and call on the adjoining proprietor to contribute one-half the expense. But a vast deal of the English chancery law is drawn from this quarter, and the propriety of this criticism is doubtful. However this may be, the case decided by Judge Denio, in 15 N. Y., (above cited) was a common law action like the present, in which the question of contribution did not arise, and the right to rebuild is placed on the same ground with a right to repair.

The principle is, that the owner of each building supported by a common wall, is entitled to have it supported by such

wall so long as it is in a condition to uphold it, but when it becomes ruinous or dangerous, so that it endangers the safety of the property or life of the occupants, neither party is obliged to wait till the building falls down, but may proceed to rebuild, and the adjacent proprietor, who refuses or neglects to join in the expense, has no right of action for the damage or inconvenience which is occasioned by such repairs or rebuilding of the wall. This does not justify carelessness or negligence in doing the work.

This is in substance the law declared to the jury in this case, and the court went further and declared the law to be, that if this insecure condition of the wall was brought about, not by any inherent defect in the wall, or as I suppose was meant, by any natural decay from time, but by the intervention of the party rebuilding in making certain improvements on his building, and thus overloading the capacity of the wall, on undermining it, a verdict was directed for plaintiffs; and the jury were, moreover, instructed to pay no attention to the action of the Fire Department, in condemning this wall as unsafe. Certainly the plaintiff went to the jury with very favorable instructions, the propriety of some of which might be questioned, but of which he certainly had no right to complain.

The last instruction assumes that one proprietor cannot venture to make such alterations in his building as convenience or necessity may suggest, without the consent of the other, and if such alterations are made, and the insecurity of the common wall is thus, for the first time, developed, the proprietor making them is responsible for the injury done to the adjoining one, resulting from the change, and thus, both buildings, through the obstinacy of one or the other proprietor, might retard necessary improvements in a city or town, to the great inconvenience of the public, as well as of both proprietors. The case of Peabody vs. Gilbert and others, does not go so far as this—there having been, in fact, no occasion from the facts of the case to pass on this point—but conceding it to be the law, the plaintiff had the benefit of it before the jury.

Judgment affirmed; the other judges concur.