## CHARLES O. BROWN v. THE McCORD & BRADFIELD FURNITURE COMPANY.

*Requests to charge—Province of jury—Sufficiency of instructions.*

1. Where questions of fact are *fairly* submitted to a jury, the verdict must stand in the absence of erroneous rulings in admitting or rejecting testimony, or errors in the charge of the court.

2. Where the court charges the jury on his own motion, and without reference to the requests presented by counsel, isolated sentences cannot be considered apart from their context, nor is it expected that each clause and sentence shall be correct to an *absolute* certainty; but the charge is to be taken as a *whole*, without any undue weight being given to any portion of it. *Lake Superior Iron Co. v. Erickson*, 39 Mich. 499; *Burdick v. Michael*, 32 Id. 247; *Anderson v. Walter*, 34 Id. 119; *Greenlee v. Lowing*, 35 Id. 66; *Eggleston v. Boardman*, 37 Id. 21.

3. The multiplicity of points and requests in a cause, when the issues are not complicated, is of injurious tendency, and is calculated to confuse both courts and juries in the administration of justice; and, if the court instructs the jury upon all the *essential* features of the case, that is sufficient. *Kimball & Austin Manf'g Co. v. Vroman*, 35 Mich. 332; *Fraser v. Jennison*, 42 Id. 236.[1]

Error to superior court of Grand Rapids. (Parrish, J.) Argued February 2, 1887. Decided April 14, 1887

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Godwin, Adsit & Rogers*, for appellant.

*Frank A. Rodgers* (*Moses Taggart*, of counsel), for plaintiff.

---

[1] For later rulings on this subject, see *Mynning v. Detroit, Lansing & N. R. R. Co.*, 59 Mich. 257 (head-note 2); *Kendrick v. Towle*, 60 Id. 364 (head-note 2); *Lewis v. Rice*, 61 Id. 98 (head-note 3); *Cook v. Brown*, 62 Id. 473 (head-note 1); *Manistee National Bank v. Seymour*, 64 Id. 59.

SHERWOOD, J.    This case is an action of assumpsit brought in the superior court of Grand Rapids, to recover for the value of two boat-loads of lumber, which the plaintiff claims to have sold in 1882 to the defendant.    The plaintiff obtained judgment for $542, and defendant brings error.

The plaintiff on the trial claimed that he in person sold to the defendant's lawful agent for purchasing the lumber in question, and that he caused the same to be delivered to the defendant.    On the contrary, the defendant's theory was that it purchased the lumber at Grand Rapids of Buchanan & Mizner, and of whom its agent had for some time previous been buying lumber, and to whom the plaintiff had been making consignments.

The plaintiff had been running a saw-mill at Allendale, Ottawa county, in the fall of 1882, and, after closing up his dealings with Buchanan & Mizner, as the testimony tended to show, had about two boat-loads of lumber left, consisting partly of ash and partly of maple, and it was this lumber the plaintiff claims to have sold to the defendant company

The questions as to who was the owner of the lumber when sold, by whom and to whom it was sold, and the quantity thereof, were questions of fact fairly submitted to the jury, and we find no error in the rulings in admitting or rejecting testimony, and therefore the verdict must stand, unless erroneous instructions were given in the charge, to the various portions of which 22 exceptions were taken.    One of these, however, is abandoned.    The court gave the entire charge upon his own motion, and without-reference to the requests presented by counsel.    This is not unfrequently the most satisfactory way of instructing the jury, and, when this is done, "isolated sentences cannot be allowed to be considered apart from their context" (*Lake Superior Iron Co. v. Erickson*, 39 Mich. 499); and "it is not expected that each clause and sentence in a charge shall be correct to an absolute certainty.    The charge is to be taken as a whole, with-

out any undue weight being given to any portion thereof."
*Burdick v. Michael,* 32 Mich. 247; *Anderson v. Walter,* 34
Id. 119; *Greenlee v. Lowing,* 35 Id. 66; *Eggleston v. Board-
man,* 37 Id. 21.

" The multiplication of points and requests in cases where
the issues are not complicated is of injurious tendency, and
calculated to confuse both courts and juries, and impede the
administration of justice;" and, if the court instructs the
jury upon all the essential features of the case, that is suffi-
cient. *Kimball & Austin Manf'g Co. v. Vroman,* 35 Mich.
332; *Fraser v. Jennison,* 42 Id. 236.

We think that was done in this case, and, no error appear-
ing in the record, the judgment must be affirmed.

The other Justices concurred.