SAMUEL DESBERGER, Appellant, v. HENRY F. HARRINGTON, Respondent.

St. Louis Court of Appeals, January 17, 1888.

1. FRAUDULENT SALE — SUBMISSION TO JURY — BURDEN OF PROOF.
   Where it is claimed that a sale of goods was fraudulent on the
   part of both the vendor and vendee, and a number of facts and
   circumstances are shown, no one of which alone is sufficient to
   prove the charge, but all having a general tendency in support of
   it, the court cannot refuse to submit the whole matter of inquiry
   to the jury. In such cases, the burden of proof is on the party
   charging the fraud.

2. EVIDENCE—FRAUDULENT SALE.—Evidence of fraudulent intent in
   a vendor does not of itself show a participation therein by the
   vendee. But it is necessarily admissible for its connection with
   such participation, if any existed.

3. INSTRUCTIONS, MULTIPLICITY OF.—When the issues are few and
   simple, a multitude of instructions may tend to confound the
   jury, and may well be refused on that account alone.

4. INSTRUCTION, ERRONEOUS BUT NOT PREJUDICIAL.—It is no cause for
   a reversal, that an instruction was given which should have been
   withheld, when, under the facts proved and admitted, it is highly
   improbable that the jury could have been influenced by such in ·
   struction.

5. INSTRUCTIONS—SALE, WHETHER VALID OR FRAUDULENT.—Instructions approved, as fully and fairly presenting the law of the case
   submitted to the jury.

APPEAL from the St. Louis Circuit Court, HON.
JAMES A. SEDDON, Judge.

*Affirmed.*

A. BINSWANGER, for the appellant: There was no
testimony on the part of defendant tending to invalidate
the sale in any particular. One who in good faith takes
personal property for an antecedent debt will be treated
as a purchaser for value, and will be protected against a
claim of the original owner (and against creditors of the

vendor) to the same extent as if he had purchased it for value. *Hess v. Clark*, 11 Mo. App. 492 ; *Green v. Kennedy*, 6 Mo. App. 577. When the sale is in payment of an antecedent debt, if there be no secret trust, or benefit, or reservation, to the grantor, an actual sale made by such debtor, at a fair and reasonable price, will be upheld, although it be known to both contracting parties that such sale will leave the debtor unable to pay his other debts. *Johnson v. Thweatt*, 18 Ala. 741 ; *King v. Kenan*, 38 Ala. 63; *Holbird v. Anderson*, 5 T. R. 23 ; *Croanhaven v. Hart*, 21 Pa. St. 495; *Pearson v. Rockhill*, 4 B. Mon. 296 ; *Bank v. Huth*, 4 B. Mon. 423 ; *McMenomy v. Murray*, 3 Johns. Ch. 435 ; *Coffin Co. v. Rubelman*, 15 Mo. App. 280 ; *State to use v. Distilling Co.*, 20 Mo. App. 21.

E. T. FARISH, for the respondent : The conveyance by Abrahams to Desberger of his stock in trade was for an amount much below its actual value, and he, Abrahams, was rendered thereby insolvent. This fact, with the other circumstances in the case, not only cast suspicion upon the transaction, but tended strongly to show that the transfer was made by Abrahams with the intent to hinder, delay, or defraud his other creditors, and that Desberger knew of such fraudulent intent, and participated in such fraud. *Ames v. Gilmore*, 59 Mo. 543 ; *McNichols v. Rubleman*, 13 Mo. App. 520 ; *Distilling Co. v. Vosmeyer*, 25 Mo. App. 578 ; *Burgert v. Borchert*, 59 Mo. 84. The law in respect to transactions such as this is, "that if it appeared from the facts and attendant circumstances of the transaction that the preferred creditors in some way participated in the fraud, or that there was a purpose, beyond the mere effort to collect his own debt, to aid the debtor in defeating, delaying, etc., his other creditors, or to protect the debtor as well as himself, the transaction is fraudulent." *Holmes v. Braidwood*, 82 Mo. 615 ; *Shelley v. Boothe*, 73 Mo. 74. As is said in *Hopkins v. Siebert* (58 Mo. 201) : "Fraud is seldom susceptible of direct proof, but may be estab-

lished by a number and variety of circumstances, which, though apparently trivial and unimportant when considered separately, may, when combined together, afford irrefragable proof of fraud."

Rombauer, J., delivered the opinion of the court.

On September 9, 1886, Joseph M. Hayes, a merchant, sold to M. Abrahams, a merchant tailor of this city, piece goods of the value of $964.14. On October 11, 1886, Abrahams sold to the plaintiff, who is his brother-in-law and former partner, the entire contents of his store, including store-goods and fixtures, inventoried at $12,288.56, for a recited consideration of $10,752.49, being twelve and a half per cent. less than the inventoried value, and at once delivered to him possession. The consideration of the sale, according to plaintiff's statement, consisted of an indebtedness from Abrahams to plaintiff, the bulk whereof originated in January, 1884. Hayes, hearing of this sale, sued out a writ of attachment, and caused the same to be levied by the defendant sheriff on so much of the goods sold by him to Abrahams as could still be found, being of the value of six hundred and fifty dollars. The plaintiff thereupon brought this action of replevin for the recovery of the goods so taken, against the defendant sheriff.

The petition contains the usual averments. The answer is a general denial, and sets up fraud in the sale from Abrahams to plaintiff. The case was tried by a jury, who brought in a verdict for the defendant.

The first error complained of is, that there was no evidence whatever attacking the good faith of the sale, and that the court erred in refusing to instruct the jury, at the close of the entire case, to find a verdict for the plaintiff.

Passing the question whether such an instruction is ever warranted in a case where the burden of proof, on any branch of the case, is with the plaintiff, we turn to the evidence.

There was evidence tending to show that Abrahams had formerly been connected in business with the plaintiff, and that their business and family relations were of an intimate character ; that goods of a value exceeding seven thousand dollars were bought by Abrahams on credit a few months preceding the alleged sale, and that the plaintiff, who was a trader in the same line, had every reason to know that the goods were so bought, and had not been paid for; ·that the plaintiff assisted in the making of the inventory, and had reason to suppose that the goods bought from Hayes had not been paid for ; that Abrahams, at the date of the sale and for some time anterior thereto, was hopelessly insolvent, although he was not at said date pressed for payment either by the plaintiff or other of his creditors ; that the plaintiff purposely refrained from making any direct inquiries as to the financial standing of Abrahams, or as to whether the goods which were to be transferred to himself were paid for or not ; that the plaintiff, who is a non-resident, came to the city a few days before the alleged sale, without any expectation of buying the store, and that the sale to him was suddenly determined upon as the result of a brief interview ; that the inventory was taken on a Sunday afternoon, in the absence, and without the knowledge, of the only employe at the store, by Abrahams, the plaintiff, and another relation ; that in taking such inventory no recourse was had to original invoices, nor was any reference had to the books of Abrahams—in fact, Abrahams, as the plaintiff knew, kept no books ; that from the inception of the alleged indebtedness from Abrahams to plaintiff, in January, 1884, until the date of this sale, in October, 1886, the plaintiff had never pressed Abrahams for any payment of his claim or of interest thereon, although such ·claim was evidenced by notes long overdue and bearing interest.

There was also some slight evidence from which the jury might legitimately infer that the value of the goods transferred was much greater than the value stated in the inventory accompanying the bill of sale.

We are certainly not prepared to say that all this evidence taken together did not fully justify the court to submit to the jury the controlling question in the case, namely, whether or no the sale to plaintiff by Abrahams was made in fraud of the creditors of the latter, and whether or no the plaintiff was a participant in such fraud. *Shelley v. Boothe*, 73 Mo. 77; *Holmes v. Braidwood*, 82 Mo. 616.

As to the objection urged by plaintiff, that the case was tried on an erroneous theory, we may say this: all cases of this character necessarily consist of two elements, the fraud of the vendor, and the vendee's participation therein. We cannot see on what theory the court can exclude evidence offered tending to show the former. It is true proof of the former does not of itself prove the latter. But evidence of the former, introduced with a view of connecting it with the latter, is, from the nature of the case, necessarily admissible.

This brings us to the complaint that the court erred in refusing instructions asked by the plaintiff. The plaintiff asked fifteen instructions, of which number the court gave two with slight modifications, but in a form not excepted to by the plaintiff, and refused to give the residue. As the issues were simple and few, and a multitude of instructions could only tend to confound the jury, the court would have been fully justified, on the authority of *Crawshaw v. Sumner* (56 Mo. 517), to refuse all the instructions asked by the plaintiff, on account of their number alone. Thus it is evident that the plaintiff is in no position to complain that part of his instructions were refused.

But we are further of opinion that the instructions given by the court of its own motion submitted to the jury the plaintiff's case fully and fairly. These instructions were as follows:

"If the jury believe, from the evidence (1) that, at the time of the transfer of the goods in Abrahams' store, spoken of in the evidence, that Desberger was a creditor of Abrahams, as claimed by him; (2) that there was no

intent on the part of Abrahams, in making such transfer, to defraud, or. hinder, or delay his other creditors; or, if there was such fraudulent intent on his part, that either Desberger had no notice of such fraudulent intent, or, if he had such notice, that he did not receive said goods for the purpose of participating in such fraudulent intent by aiding or assisting said Abrahams in carrying out such fraudulent purpose, but acted therein with the sole purpose and intent to receive the said goods at their fair and reasonable value in payment of an honest debt due from Abrahams to himself; and (3) that, within a reasonable time after the sale, and before Hayes levied his attachment, there was in good faith an actual and continued change of the possession of the property—a change of possession so open, notorious, and unequivocal as to apprise purchasers at large, and those unaccustomed to deal with Abrahams, that the goods had changed hands, and that the title had passed out of Abrahams and into Desberger, then they will find that the transfer and sale from Abrahams to Desberger was not fraudulent, and they will find for the plaintiff."

"The court instructs the jury that a debtor, though insolvent, has a legal right to prefer one creditor over another, even though, in doing so, he may thereby hinder or delay other creditors in the collection of their debts, or altogether exclude them, provided said preference is made and received fairly and honestly for the sole purpose of making' such preference, and not for the purpose of hindering, or delaying, or defrauding other creditors; therefore, if they believe that the sale to Desberger by Abrahams was not, under the evidence and the other instructions, fraudulent for other reasons, they will find for the plaintiff, though they may believe that the necessary effect of the sale was to hinder or delay other creditors, or entirely to exclude them; and that Desberger, at the time of the sale, knew it, and though they may believe that the sale included the goods of Hayes and other creditors, which had been bought and not paid for by Abrahams."

"The court instructs the jury that the burden is upon the defendant to prove to their satisfaction, by a preponderance of evidence, that the sale by Abrahams to Desberger was fraudulent and void within the meaning of these instructions."

Nor was there anything in the instructions given on behalf of defendant of which plaintiff can justly complain, if we eliminate the instruction touching the change of possession which the statute requires. As it was substantially conceded by the evidence of both parties that there was a sufficient change of possession within a reasonable time, and sufficiently notorious to answer the requirements of the statute, this instruction should not have been given. As it is highly improbable, however, that, under the facts of the case, the jury could have been influenced in their finding by this instruction, the error if any was not prejudicial and will not warrant a reversal.

Judgment affirmed. All the judges concur.