THOMAS McALLISTER *et al.*, Respondents, v. ORTON A. BARNES, Appellant.

St. Louis Court of Appeals, April 16, 1889.

1. **Evidence:** USAGE AMONG MERCHANTS. Evidence of a usage among neighboring merchants, whereby one holding a claim against an individual partner in another firm, and purchasing goods of that firm, would be treated as taking them in liquidation of his claim with the consent of the other partners, was properly refused when, in the transaction under consideration, there was nothing to show that either party at the time relied upon such usage, or contracted with reference thereto.

2. **Evidence:** COMPETENCY: FOUNDATION. Where the competency of facts offered to be shown in evidence depends upon other evidence, such other evidence must precede the offer, or else the offer itself must contain a further offer to supply it thereafter.

3. **Evidence:** WIFE AS HUSBAND'S AGENT. Where the wife of a party is offered as a witness on the ground of her having acted as his agent in the matter of litigation, the fact of her agency must generally be established by testimony other than her own. But this rule does not apply to a case wherein the wife is made her husband's agent by the rules of common law. It was, therefore, error to exclude the testimony of a wife touching her purchases on her husband's account of necessaries for the use of his family.

4. **Evidence**: CONSENT OF PARTNERS. It is not necessary to prove the express assent of every partner to a transaction which affects only the interest of one member of the firm. The assent may be implied in the circumstances, if the evidence warrants it, and the assent of a dormant partner need not be included.

5. **Instructions**: EXCESSIVE NUMBER. When the issues are few and simple, the court will be warranted in refusing eleven instructions asked for by a party, on the ground of their number alone.

*Appeal from the Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*McKee & Jayne* and *A. H. Smith*, for the appellant.

The court erred in excluding evidence tending to prove custom and usage of merchants of Memphis, Missouri, and members of the firm of T. S. Wise & Co. *Cayton v. Harding*, 27 Mo. 536 ; *Edgell v. Macqueen*, 8 Mo. App. 71 ; *Noble v. Metcalf*, 20 Mo. App. 361 ; *Ackley v. Stochlin*, 56 Mo. 558 ; *Thompson v. Riggs*, 5 Wall. 679 ; *Renner v. Bank*, 9 Wheat. 582 ; *Cadwell v. Scott*, 54 N. H. ; *Ins. v. Bennett*, 13 Am. Dec. 109–118 ; *Gansevoort v. Williams*, 14 Wend. 139 ; Lawson on Usages and Customs, 121, 122, 180 ; *Id.* 485, sec. 248 ; Waterman on Set-Off, 252, sec. 235 ; Lindley on Parts. M. P. 295 and n. ; *Id.* M. P. 278 and notes ; Waterman on Set-Off, 273, n ; Abbott Trial Ev. 214, secs. 23, 24. The court erred in excluding evidence of Mrs. Orton A. Barnes. R. S. 1879, sec. 4014 ; *Robinson v. Walton*, 58 Mo. 380 ; *Peck v. Richey*, 66 Mo. 114 ; *Summers v. Saunders*, 51 Mo. 89.

*Smoot & Pettingill*, for the respondents.

A partner has no right to appropriate the assets of his firm to pay his individual debts, without the consent of his co-partners. *Hilliker v. Francisco*, 65 Mo. 598 ;

*Phelps v. McNeely*, 66 Mo. 554; *Price v. Hunt*, 59 Mo. 258. The notes, upon which plaintiffs were security, were used for the benefit of the firm, and the money raised thereby was used by the firm, in its partnership business. Even if the notes were not signed by all the partners, the firm was liable on those debts in an action for borrowed money. *Bank v. Bayless*, 35 Mo. 428, page 440 of decision. Even a custom on the part of the several members of a firm, that when a member was indebted, his account would be taken in and charged against him on the books of the firm, does not authorize one of the partners to dispose of goods of the firm in payment of his private debt. *Forney v. Adams*, 74 Mo. 138. Evidence of usage is not admissible to change the legal relations of parties to a transaction. *Duguid v. Edwards*, 50 Barb. [N. Y.] 288. Nor to deprive a party of his rights otherwise secured to him by law. *Woodruff v. Bank*, 25 Wend. [N. Y.] 674; *Frith v. Baker*, 2 Johns. [N. Y.] 327; *Bowen v. Newell*, 18 Barb. [N. Y.] 391. A custom in order to control, must be certain, settled and uniform, and not of a character such as to alter the rights and liabilities of parties as fixed by law. *Ober v. Carson's Ex'r*, 62 Mo. 209; *Seed Co. v. Stanard*, 44 Mo. 71. And it must be reasonable. *Clark v. Humphreys*, 25 Mo. 99. But the evidence of defendant shows that he did not rely upon custom, but the statements of Penny. The agency of the wife for her husband must be proven by other evidence than her own. *Williams, Adm'r, v. Williams*, 67 Mo. 661; *Mfg. Co. v. Tinsley*, 75 Mo. 458. There was no testimony showing that defendant's wife was ever his agent.

ROMBAUER, P. J., delivered the opinion of the court.

This is a suit upon an account for goods sold and delivered. The plaintiffs are assignees of the account, which the defendant originally contracted with T. S.

Wise & Co., a firm of retail grocers in Memphis, Missouri, consisting of T. S. Wise, James Penny and Abram Wise, and one Dud Webber as silent partner. The defense interposed was payment.

Upon the trial of the cause before a jury, the plaintiffs recovered judgment and the errors assigned by the defendant appealing are that the court excluded proper evidence offered by him, gave erroneous instructions offered by the plaintiffs, and refused to give proper instructions offered by himself.

Touching the facts that the defendant bought the goods, and that their reasonable value is as sued for, there is no controversy. There also seems to be no substantial controversy touching the further fact that plaintiffs are owners of the account. The controversy on that point, as we read the record, is mainly whether the plaintiffs own the account absolutely, or whether they own it with a number of others assigned to them, in trust, to reimburse themselves for certain outlays out of the proceeds of collections, and account for the balance over to the members of the firm. As there is no claim in the evidence that they had so reimbursed themselves prior to the institution of this suit, the capacity in which they hold the account is immaterial.

The complaints as to the court's rulings on the evidence relate exclusively to the question of payment. The facts which the defendant endeavored to establish at the trial were, that when the goods mentioned in the account were bought by him, James Penny, one of the members of the firm, was indebted to him upon his individual note to an amount in excess of the aggregate of the account and that in buying such goods, he simply traded out this note, and did so with the express consent of Penny and the implied consent of other members of the firm.

The defendant on cross-examination of plaintiffs' witnesses elicited the fact, that the partnership of P. S.

Wise & Co. was carried on without written articles. That the partners were in the habit of drawing funds out of the firm for individual uses, and occasionally paid their individual debts with goods belonging to the firm, in which event the goods were charged to the individual account of the partner. This fact was admitted by every member of the firm, either on direct or cross-examination. The defendant also introduced several witnesses who testified that they had their claims against individual members of the firm paid by goods of the firm, and that other members of the firm knew that fact. Some merchants, of the town of Memphis, testified in behalf of defendant that it was a common custom in that town among merchants, for the individual members of the different firms to buy goods for their household use, from their fellow merchants, and have claims thus arising settled by a return sale of goods on firm account, which transaction was known as "swapping goods."

Thereupon the defendant offered to introduce the several merchants of Memphis, Missouri, to show that there has been a general and public usage of trade among merchants of Memphis, Missouri, for a long time or for more than ten years standing, and well known in the community to the effect following: That whenever any individual has a claim or demand by note, account or otherwise, against one member of a firm or against a part of the members of a firm, and such person having such claim or matter deals with such firm in a running account, upon settlement to take up such claim or matter and allow it upon his account with the firm, with or without notice to the several members of the firm, prior to opening of said running account; that such person expected to apply goods bought to payment of his claim against any individual of such firm, and especially is this the usage between the members of different firms, whether either runs up accounts for

ordinary individual or family expenses at either establishment, upon settlement to allow as off-set any such claim of any member of the two firms and to give or take credit according as the circumstances may require ; it is usually called "swapping goods." The court upon objection of plaintiffs, refused to allow defendant to prove such usage and to the action of the court in refusing to allow defendant to introduce evidence of such facts, the defendant then and there excepted and still excepts.

There was no error in this ruling. Regardless of the fact whether evidence of such custom was admissible, a question which is raised, but not decided, in *Forney v. Adams*, 74 Mo. 138, it does not appear that the transaction was had in reliance on such custom by either the defendant or Penny, both of whom had testified prior to the offer of this evidence, and this fact of itself, under the rule stated in the case cited, was sufficient to warrant the court in rejecting the evidence.

We had occasion to state before that, where one makes an offer of proof, which is rejected, it is incumbent upon him to show that the evidence was competent. Thus, where the competency of the facts, offered to be shown, depends on other evidence, such evidence must either precede the offer or else the offer itself must contain a further offer to supply it thereafter. Neither of these was done in the present case.

The goods sued for were mostly groceries for household use. The defendant testified that part of them were bought by his wife. He thereupon called his wife as a witness and offered to show by her that she went into the store of T. S. Wise & Co. and bought part of these goods and offered to pay for them, but that Wise, one of the partners, told her that her husband was trading out a note which he held against Penny, and that he would just put it on the books. This

evidence was excluded, and the defendant excepted and still excepts.

The rule unquestionably is, that before a wife can testify on behalf of her husband on the ground that she acted as his agent, the fact of such agency must be established by other evidence than her own. *Williams v. Williams*, 67 Mo. 661. But this rule, as shown by the very case declaring it, has application only when the agency is claimed to exist, touching transactions in which the wife is not the husband's agent at the common law. Here the transaction was touching the purchase of necessaries for the household, which she may purchase on credit and bind the husband on the law of implied agency. *Tuttle v. Hoage*, 46 Mo. 38. Her testimony, therefore, was competent. As it was evidence tending to show the assent of a member of the firm to the transaction, and was directly contradictory of plaintiff's evidence on the same subject, it was material, and its exclusion was prejudicial error demanding a reversal of the case.

As upon a retrial, if such should be had, the instructions will necessarily assume a different form, we will not notice objections thereto any further than by stating this : The first instruction given on behalf of plaintiff is too broad. It seems to require an express consent on part of each of the members of the firm to validate the transaction as claimed by the defendant. The consent may be implied if the evidence warrants it, and under the decision of *Drake v. Rogers*, 6 Mo. 317, 320, need not include the consent of the dormant partner.

We also desire to add that the practice of multiplying instructions is to be condemned, as one tending rather to confuse than to enlighten the jury. In this case, although the issues are few and simple, the defendant asked eleven instructions, two of which the

court gave, and refused the balance. On the authority of *Crawshaw v. Sumner*, 56 Mo. 517, and *Desberger v. Harrington*, 28 Mo. App. 636, repeatedly approved by us since, the court would have been warranted to refuse all of the defendants' instructions in this case on the ground of their number alone.

Reversed and remanded. All the judges concur.