JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. WILLIE MAUD CUBBAGE, *Defendant in Error.*.

1.  There is no variance between the allegation that injury was caused by the "sudden movement" of a car and the proof that the car "started" forward as the passenger was alighting.

2.  A charge based upon credible evidence is not abstract.

3.  A general charge that a street car company must use "all care" to avoid injuring a passenger cannot be error where the sole question presented is whether the car had stopped before the passenger attempted to get off.

4.  A physician who examines a patient may testify that a blow upon her face could cause the chronic headache from which she suffered.

5.  Mere preponderance in evidence does not justify an appellate court in reversing a jury's verdict, concurred in by the trial court.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Kay, Doggett & Smith,* for Plaintiff in Error;

*Hartridge & MacDonnell,* for Defendant in Error.

COCKRELL, J.—This is an action for personal injuries to a passenger, caused by the sudden movement of the car, as she was about to alight therefrom.

There was evidence that the car started forward as she was in the act of getting off, the car having stopped in response to her signal, and, before she could do so with reasonable diligence, the car started forward, throwing her violently on the ground; we think this evidence justified the refusal of the affirmative charges for the defendant, asked upon the ground of a supposed variance between the proof and the specific act of negligence alleged.

A lengthy instruction upon the measure of damage constitutes an assignment of error, and it is argued that one, or possibly two, separate and severable items therein were not warranted by the evidence; these related to her earnings by her business or labor. The evidence upon this point was without contradiction, that she earned before the accident one hundred dollars a month in her dress-making establishment, and that she was almost wholly incapacitated by the accident. Irrespective of the form of the assignment, we cannot see how the instruction is susceptible to criticism that it assumed any fact or was abstract. Error is assigned upon the charge of

the court to the effect that after the plaintiff had shown the happening of the accident, as alleged in the declaration, it became the duty of the defendant to show by a preponderance of the evidence that its agents used "all care" to avoid the accident; the conclusion being that the statutory words "all ordinary and reasonable care" should have been used. Even should we assume in this case that there be some material difference between "all care" and that degree of care due by a common carrier to its passengers, a point not decided, it would be a purely academic abstraction. As stated in the brief of plaintiff in error, "the sole issue in this case was as to whether the car had come to a complete stop or not, before the plaintiff attempted to alight"; and the court at its request instructed the jury that if the car had not come to a standstill before the plaintiff was injured, then she could not recover, and they must positively find the defendant not guilty. It is apparent therefore that no theories as to the duties of the street car company towards its passengers were in reality submitted to the jury.

The physician who attended the injured woman described the condition in which he found her, and was permitted to say, over objection, that the blow on the face could have caused chronic headache, the plaintiff having testified that since the injury she had suffered from such trouble. The specific objections being that there was an expert in attendance, and that the witness should be asked if the blow did cause the headache, not whether it could so have resulted. We find no error here: at most the statement of the physician would be an opinion, and the evidence is admissable as being the nearest approximation to verity at present possible to human minds; and this opinion is neither too remote or speculative.

There was credible evidence upon every fact essential

19—Vol. 53.

to the recovery, and the argument here made as to the preponderance in numbers of credible witnesses for the defendant appeals rather to the jury and the trial judge. The preponderance is not such as to cause us to interfere with the jury's verdict, concurred in and approved by the circuit judge who personally saw and heard the witnesses, nor is there anything in the record to show that he thought it his judicial duty to regard as sacrosanct the jury's finding.

This disposes of all the assignments argued, and the judgment is affirmed.

All concur, except TAYLOR, J., absent on account of illness.