ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. PHILIP LEVY, *Defendant in Error.*

### Opinion Filed November 10, 1914.

1.  Only such instructions should be requested by either the plaintiff or defendant as bear upon the law of the case and will aid the jury in trying and determining the issues, as unnecessary instructions afford opportunities for error, and are burdensome to the courts. When a large number of instructions are given, they are also well calculated to confuse and mislead the jury.

2.  Contradictory charges or instructions should not be given, as their tendency necessarily is to confuse and mislead the jury, but where the complaining party is chiefly or largely responsible for such a state of affairs, the judgment will not be reversed upon that ground alone.

3.  In passing upon an assignment based upon the ruling of the trial court in denying a motion for a new trial, which questions the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury ought to have done, or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict from the evidence adduced. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

Writ of error to Circuit Court for Pinellas County; F. M. Robles, Judge.

Judgment affirmed.

*Sparkman & Carter,* for Plaintiff in Error;

*John U. Bird,* for Defendant in Error.

SHACKLEFORD, C. J.—Philip Levy brought an action against the Atlantic Coast Line Railroad Company for the recovery of damages for personal injuries received by him and also for the destruction of his buggy, in which the plaintiff was riding at the time, which injuries were alleged to have been occasioned by the negligence of the defendant corporation.    The declaration contains two counts, to which the defendant filed three pleas, the first being not guilty and the second and third setting up contributory negligence of the plaintiff.    No point is made on the pleadings, therefore we do not copy any of them. The plaintiff joined issue upon all these pleas and a trial was had before a jury, which resulted in a verdict and judgment for the plaintiff in the sum of $750.00.

Seventeen errors are assigned, all of which, with the exception of the first, which is based upon the overruling of the motion for a new trial, are predicated upon the giving of certain instructions, at the request of the plaintiff, or the refusal of certain instructions, requested by the defendant.    If the trial court gave any charge to the jury of its own motion, the transcript of the record fails to show, but it does appear that the plaintiff requested fourteen separate instructions, of which eleven were given and three refused, and that the defendant requested eight separate instructions, of which three were given and five refused.    The defendant excepted to every instruction given at the instance of the plaintiff and also to every instruction requested by it, which was refused.    Although the issues in the instant case were few and simple, the trial court was called upon to pass on twenty-two separate instructions, of which fourteen were given to the jury.    We can see no sound reason for so many requested instructions.    Again and again we have expressed our strong disapproval of the practice of requesting an un-

necessarily large number of instructions. See Gracy v. Atlantic Coast Line R. R. Co. 53 Fla. 350, 42 South. Rep. 903; Atlantic Coast Line R. R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; McCall v. State, 55 Fla. 108, 46 South. Rep. 321; Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233; Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, text 135, 58 South. Rep. 786, text 788; Wood Lumber Co. v. Gibson, 63 Fla. 316, text 322, 58 South. Rep. 364, text 366; Atlantic Coast Line R. R. Co. v. Whitney, 65 Fla. 72, 61 South. Rep. 179. As we held in Farnsworth v. Tampa Electric Co., *supra,* "Only such instructions should be requested by either the plaintiff or defendant as bear upon the law of the case and will aid the jury in trying and determining the issues, as unnecessary instructions afford opportunities for error, and are burdensome to the courts. When a large number of instructions are given, they are also well calculated to confuse and mislead the jury." This admonition has not been heeded to the extent which we had hoped, so we now think it advisable to emphasize the importance of observing it. We would call attention to the fact that the Missouri courts have held, when an unnecessarily large number of instructions is requested, that of itself would justify the court in refusing them all. See Crawshaw v. Sumner, 56 Mo. 517; Desberg v. Harrington, 28 Mo. App. 632; City of Hannibal v. Richards, 35 Mo. App. 15; Kinney v. City of Springfield, Ib. 97; McAllister v. Barnes, Ib. 668; Doan v. St. Louis, K. & N. W. Ry. Co., 43 Mo. App. 450; Barrie v. St. Louis Transit Co., 119 Mo. App. 38, 96 S. W. Rep. 233. Other courts have also held to the same effect. This would seem to be a correct holding and we may have to give it our sanction, unless the abuse of too many requests for instructions is remedied. As was said in City of Hannibal v. Richards,

*supra,* "To require the judge, in the limited time allowed for a trial, to pass upon a great number of requests for instructions, at the peril of having any judgment reversed which may be rendered, is an abuse which ought not to be tolerated." See also the discussion in the following cases as to requests for instructions: Bergerman v. Indianapolis & St. L. Ry. Co., 104 Mo. 77, 15 S. W. Rep. 992; Haney v. Caldwell, 43 Ark. 184; Hanger v. Evins & Shinn, 38 Ark. 334; Dunn v. The People, 109 Ill. 635; City of Salem v. Webster, 95 Ill. App. 120; Indiana & I. S. Ry. Co. v. Wilson, 77 Ill. App. 603; Chicago City Ry. Co. v. Sandusky, 99 Ill. App. 164; Brown v. McCord & Bradfield Fur. Co., 65 Mich. 360, 32 N. W. Rep. 441; Kimball & Austin Mfg. Co. v. Vroman, 35 Mich. 310. We thoroughly approve of the following statement in the last cited case: "We deem it proper to suggest, as has been done before on several occasions, that the multiplication of points and requests in cases where the issues are not complicated, is of injurious tendency and calculated to confuse both courts and juries, and impede the administration of justice. The jury must act in their deliberations on the understanding which they derive from a single hearing of the charges and requests. Unless made plain to their understanding and expressed in such language as requires no interpretation to the laity, there is much danger that they will either be misled or disregard the instructions altogether and decide the case on what they conceive to be its general equities." We think that both the plaintiff and defendant requested too many instructions in the instant case. We have carefully examined all of the instructions given as well as those refused and are of the opinion that none of those given at the request of the plaintiff constitute reversible error. They could have been condensed with advantage and some

of them could have been more carefully and skillfully prepared, but we think that they state the law applicable to the issues with reasonable fairness and correctness. We are clear that no error has been made to appear in any of the instructions requested by the defendant which were refused. In fact, the requested instructions which the court gave at the instance of the defendant might properly have been refused, as the manner in which these instructions were framed tended to bring about the confusion and contradiction of which the defendant complains. We fully approve of our holding in Farnsworth v. Tampa Electric Co., *supra,* that "contradictory charges or instructions should not be given, as their tendency necessarily is to confuse and mislead the jury," but where, as in the instant case, the complaining party is chiefly or largely responsible for such a state of affairs, we will not reverse the judgment upon that ground alone. We do not copy the instructions upon which the assignments are predicated or discuss them in detail, as we see no useful purpose to be accomplished by so doing.

The only remaining assignment is the first, which is based upon the overruling of the motion for a new trial. This motion contains nineteen grounds, but the only grounds urged before us are those which question the sufficiency of the evidence to support the verdict, the other grounds relating to the given and refused instructions, which we have considered in treating the other assignments. Applying our usual test as to whether or not the jurors, acting as reasonable men, could have found this verdict from the evidence adduced, we must hold that they could have so done, therefore we cannot hold the trial court in error for overruling the motion. See Wilson v. Jernigan, 57 Fla. 277, 49 South. Rep. 44, and Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 South. Rep. 367.

Judgment affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.