ESTELLA DAVIS v. C. B. TURNER.

160 So. 376.
Division A.
Opinion Filed March 28, 1935.
Rehearing Denied April 16, 1935.

908

*Ralph A. Marsicano* and *W. B. Dickenson,* for Plaintiff in Error;

*Mabry, Reaves, Carlton & White,* for Defendant in Error.

PER CURIAM.—This is a common law action in the Circuit Court of Hillsborough County, commenced by praecipe for summons filed August 16, 1930. The declaration was filed on the 6th day of October, 1930.

The first count of the declaration charges the defendant indebted to the plaintiff and her deceased husband, A. J. Davis, jointly and by entireties, in the sum of $7,691.83, money lent by them to the defendant, and that on the 4th day of October, 1928, A. J. Davis, husband of the plaintiff, died, by reason of which the obligation became due to the plaintiff as survivor.

The second count charges the same amount due in the same manner by the defendant to the plaintiff, for money paid by the plaintiff and her deceased husband, for the defendant at his request.

The third count charged the same amount due in the same manner to the plaintiff for money received by the defendant for the use of the plaintiff and her deceased husband.

The fourth count charges the same amount due in the same manner, for money found to be due from the defendant to the plaintiff on accounts stated between them.

A demurrer to the declaration was overruled.

The defendant filed seven pleas, the second, fifth, sixth and seventh pleas were stricken by the court on motion. The cause proceeded to trial on the remaining pleas, to-wit:

First. That he never was indebted as alleged.

Third. That before action he discharged and satisfied plaintiff's claim by payment.

Fourth. That the alleged cause of action did not accrue within three years before this suit.

Verdict and judgment were rendered for the defendant. A motion for new trial on grounds that the verdict is contrary to the evidence was overruled. Plaintiff took writ of error and assigned as error the order denying a motion for new trial.

The plea of never was indebted operated as a denial of those matters of fact from which the liability of the defendant arises. Rule 64, Circuit Court Rules. The issues did not require the defendant to make an accounting for the money he testified he received not as a borrower but to invest for the plaintiff.

The testimony for the plaintiff tended to show a loan of money to the defendant, while the testimony for the defendant tended to show the money was given to the defendant to invest, and that it was invested as contemplated, for the benefit of the plaintiff, though a loss ensued. Even though the testimony might be regarded as preponderating in favor of the plaintiff, yet, as against the verdict of the jury sustained by the trial Judge in denying a motion for new trial, it does not clearly appear by the transcript of the record that the verdict is contrary to the manifest weight of the evidence so as to require the appellate court to grant a new trial denied by the trial court. There is nothing to indicate that the jury were not governed by the evidence in deter-

mining as reasonable men their verdict on substantial sustaining testimony under fair charges. See Schultz v. The Pacific Ins. Co., 14 Fla. 73; McMurray v. Basnett, 18 Fla. 609; Jacksonville Elec. Co. v. Cubbage, 58 Fla. 287, 51 So. 139; Pensacola Elec. Co. v. Bissett, 59 Fla. 360, 52 So. 367; A. C. L. R. Co. v. Levy, 68 Fla. 234, 67 So. 47 DeFuniak Springs v. Perdue, 69 Fla. 326, 68 So. 234; Jennings v. Pope, 101 Fla. 1476, 136 So. 471.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.