Battle, J.
 

 It is a matter of regret that, from the manner in which this case comes before us, Ave cannot decide the question which was intended to be presented for our determination. That question is, whether there was any testimony given on the trial, proper to be submitted to a jury, in favor of the plaintiff’s claim. The bill of exceptions states that
 
 *170
 
 several depositions were read to the jury, and sets out the depositions in full, as part of the case; but adds, that only such parts of said depositions were read as were admissible evidence, the defendants objecting to all other portions of the same.” What parts were read, and what portions were objected to and rejected, we are not informed. The Court, however, “ intimated to the plaintiffs’ counsel, that, supposing all their evidence to be true, there was-not sufficient evidence to warrant the jury in finding that Jackson was the agent of the defendants, and authorised by them to purchase the goods from the plaintiff; nor -was there any sufficient evidence, that the goods ever came to the imssession of the defendants, and were used by them.” Whereupon the plaintiff submitted to a judgment of non-suit and appealed. Now, if there were any proper and relevant testimony to be submitted to the jury, his Honor erred in taking the case from them ; for, under the Act of 1796, (1 Rev. Stat. ch. 31, sec. 136; Rev. Code, ch. 31, sec. 130,) it was their exclusive province to pass upon its sufficiency, without any intimation of opinion thereon from the Court. The language of his Honor implies that there was some such testimony, for he does not say that there was
 
 no
 
 evidence, but only, there was
 
 no sufficient
 
 evidence. It is true, that if there were
 
 no
 
 evidence, then we might uphold the decision, upon the ground, that the word “sufficient” was used inadvertently, and could do no harm; but that cannot be, because the whole of each deposition is set out in the bill of exceptions, without any statement of what part was read and what part was rejected, except only the general allegation, that such “ parts only were read as were admissible evidence.” Now, it is clear, upon reading the depositions, there are certain portions of them, which, if permitted to be considered by the jury, would tend to establish the issue in favor of the plaintiff. If then, they had been read to the jury, with instructions from the Court, that the jury should tako into consideration such parts of them only as were competent, and must reject the residue, it would be manifestly erroneous. We think it equally objectionable and erroneous for the
 
 *171
 
 Judge to intimate to the counsel that certain portions of testimony were competent, and the residue not, without specifying what he deemed admissible, and what not. Such a course is an attempt to impose upon the apjiellate tribunal, the duty of deciding a question, without letting it know what the question is. This is an error apparent upon the bill of exceptions, for which the judgment of non-suit must be set aside, and a
 
 venire de novo
 
 awarded.
 

 Pee Curiam.
 

 Judgment reversed.