THE SKINNER MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error*, v. E. E. DOUVILLE, *Defendant in Error*.

1.  Where errors assigned on the admission of evidence and on charges given or refused, are technical and not fundamental, and may fairly be regarded as harmless in view of the case shown by the entire record, such assigned errors will not cause a reversal of the judgment.

2.  Where there is ample evidence to sustain a verdict for the plaintiff, an affirmative charge for the defendant is properly refused.

3.  Where a verdict in an action ex contractu awards a stated

sum "with interest from date of suit," and judgment thereon is entered for the stated sum "as principal and the further sum of ———————— dollars as interest," no amount being named as interest, the judgment in effect is for the stated sum alone, the award as to interest in the judgment being ineffectual and meaningless.

This case was decided by Division A.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Maxwell & Reeves,* for Plaintiff in Error;

*William C. Fitts,* for Defendant in Error.

Per Curiam.—This is the third time a writ of error has been taken to a judgment in favor of Douville for services in procuring a purchaser for property of the corporation. Skinner v. Douville, 54 Fla. 251, 44 South. Rep. 1014; 57 Fla. 180, 49 South. Rep. 125.

Errors now assigned on the admission of evidence and on charges given or refused. are technical and not fundamental, and even if well taken are harmless in view of the judgment rendered, the evidence being of such a nature as to require a judgment for the amount included therein if liability was shown. As there was ample evidence to sustain a verdict in favor of the plaintiff an affirmative charge for the defendant was properly refused.

In an amendment to the motion for a new trial, a ground that the court erred in charging the jury if they find for the plaintiff the verdict should be for "damages at

$12,500.00, with interest from the date of bringing suit," and another ground that the verdict is in excess of the amount claimed in the declaration, were added, and the order overruling the motion for new trial was excepted to and is assigned and argued as error.

The verdict and judgment are as follows:

'We the jury find for the plaintiff the sum of Twelve thousand & Five hundred dollars with interest from date of suit,—John Marich, Foreman.'

It is therefore considered by the Court that the Plaintiff E. E. Douville do have and recover of and from said defendant the Skinner Manufacturing Company, the said sum of Twelve Thousand Five Hundred Dollars as principal and the further sum of —————— Dollars as interest, together with his costs herein expended and now here taxed at Eighteen & 58/100 dollars by the Clerk.

It is therefore further considered by the Court that the Plaintiff do have execution therefor to be levied of the goods, chattels, lands and tenements of the Defendant.

Pensacola, Fla., April 22nd, 1910.'

Even if there was error in the charge and in the verdict awarding "interest from date of suit," no interest is included in the judgment, and the amount of the judg-ment being only $12,500.00, with no judgment for any interest whatever, the judgment accords with the declaration which "claims $12,500.00." That portion of the judgment which reads "and the further sum of —————— dollars as interest" is mere surplusage and awards no interest whatever. The plaintiff below took no writ of error and does not complain of the character of the judgment as entered.

The judgment is for $12,500.00 and costs and as such it is hereby affirmed.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.