CHARLES P. BOLAND CO. v. EMMA WILLARD SCHOOL.

(Supreme Court, Appellate Division, Third Department. September 27, 1912.)

1. PLEADING (§ 317*)—BILL OF PARTICULARS.

Plaintiff, claiming it was excused from performing various portions of its building contract, should be required to give a bill of particulars as to whether it was excused verbally or in writing, and by whom; also how defendant, as plaintiff claims, made it unnecessary for it to obtain the certificate of the architect as to payments earned.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—SPECIAL DAMAGES.

The damages claimed by plaintiff, a building contractor, from alleged default and negligence of defendant, owner of the building, and defendant's changing and altering of the contract, consisting of expenses from having laborers idle or reassembling them, spoiling, or increasing expense of obtaining material, and increased labor and material, being special, plaintiff should be required to give a bill of particulars of his claims, as well as of the changes and alterations.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, Rensselaer County.

Action by the Charles P. Boland Company against the Emma Willard School. From a portion of an order (76 Misc. Rep. 18, 136 N. Y. Supp. 314) denying in part a motion for a bill of particulars, defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

D. Cady Herrick, of Albany, for appellant.

Thomas S. Fagan, of Troy, for respondent.

PER CURIAM. [1] In addition to the particulars directed to be given, we think that the plaintiff should have been required to give a bill of particulars, stating whether it was excused from perform-

---

ing the various portions of the contract which it claims it was excused from performing by verbal direction or in writing, and by whom, and also in what manner it claims the defendant rendered it unnecessary for the plaintiff to obtain the certificate of the architect as to payments earned, whether by writing or verbal waiver, or by acts of the defendant, and, if the latter, what acts, and, if the former, by whom.

[2] Although the plaintiff alleges damages to a large amount by reason of the default and negligence of the defendant and the changing and altering of the contract, such damages are not in a strict sense general damage, concerning which no bill of particulars should be ordered. If the delay and default of the defendant caused the plaintiff any damage, such damage was made up of expenses which it incurred because its men were idle, or had to be reassembled, or because material was spoiled or wasted or was more expensive to obtain; and, if any changes or alterations were made of the contract, the damage suffered consisted of increased labor and material. The plaintiff cannot state his grievances to the jury and let them estimate his damage, nor is it a subject of expert opinion. He must, therefore, prove the items of his damage. The plaintiff knows what those are or what they are claimed to be, and it will greatly facilitate the trial and work no hardship, we think, to compel it to state in advance of the trial of what such claims consist. The plaintiff should, therefore, also be required to serve upon the defendant a bill of particulars of the changes and alterations from the contract made by the defendant, and the increased cost of material and labor caused thereby and by the defaults and delays of defendant. If there be any other element of damage which the plaintiff can lawfully prove, no bill of particulars need be given thereof.

The order should be modified requiring a further bill of particulars as indicated, and, as so modified, affirmed, with $10 costs and disbursements to the appellant to abide the event of the action.