MATTOON v. IVES et al. (No. 269/31.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. PLEADING ⊚⟹317—BILL OF PARTICULARS.
   Where an action is brought against four defendants, alleging breach of contract upon their part, they are entitled to a specific statement as to which of the defendants made the claimed modifications of the contract, and whether they were oral or written, who made the breach alleged, and under what conditions it was made; and it is error to deny a bill of particulars thereof.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. ⊚⟹317.]

2. PLEADING ⊚⟹18—REQUISITES—DEFINITENESS.
   Vague and general allegations in pleadings will not be encouraged, but specific allegations should be required, to minimize the work on the day of trial.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 39, 64; Dec. Dig. ⊚⟹18.]

Appeal from Special Term, Rensselaer County.

Action by Irene Mattoon against Truman C. Ives and others. From an order denying in part their motion for a bill of particulars, defendants appeal. Order modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John F. & William H. Murray, of Troy (John F. Murray, of Troy, of counsel), for appellants.

Owen D. Connolly, of Troy, for respondent.

HOWARD, J. The plaintiff in her complaint alleges that she and the defendants entered into a contract of sale concerning certain land in the city of Troy, the plaintiff agreeing to purchase and the defendants agreeing to sell; that the contract price was $550; that pursuant to the terms of the contract she had made certain monthly pay-

ments, aggregating $245; that she failed to make her payments after May 31, 1913, but that the defendants extended her time to make them; that in 1914 the city of Troy levied an assessment of $258.17 against the property; that the defendants repudiated the provisions of the contract whereby they were required to pay such assessments, and notified the plaintiff that she would have to pay them; that the agents and attorneys of the defendants insisted that the plaintiff must pay the assessments; that the defendants have neglected and refused to pay them; that the plaintiff asked the defendants to return the $245 which she had paid to them, and that they promised to do so, but have failed to do so; that the defendants have violated that provision of the contract which provides that she shall have immediate possession of the lot; that the defendants have cut the grass and hay growing upon the lot, and have refused to allow the plaintiff to cut it; that the defendants have used the lot as a storage place for materials and property. She demands judgment that the contract be rescinded and that she recover the $245. The defendants' answer denies everything, except the execution of the contract, the default of the plaintiff, and the levying of the assessment against the property.

The defendants moved at Special Term for a bill of particulars, some of the items of which were granted, and some of which were refused. The requests which were refused are as follows:

"First. Which one or more of the defendants duly extended the time of plaintiff for making payment and the interest on the same, as alleged in folio 4 of the complaint?

"Second. Which one or more of the defendants repudiated the provision of the contract requiring said assessments to be paid by the defendants, as is alleged in folios 4 and 5 of the complaint?"

"Fourth. Which one or more of the defendants endeavored to cause the plaintiff to believe that she would have to pay assessment, as is alleged in folio 6 of the complaint, and how and when this was done, if at all?

"Fifth. The exact time when, and the particular defendant or defendants whom, plaintiff asked to return the moneys which she has paid on account of said contract, as alleged in folio 7 of the complaint.

"Sixth. Which defendant or defendants promised to return to plaintiff the moneys, which she had paid on account of said contract, and the exact date of such promise, and whether or not such promise was in writing?

"Seventh. Which defendant or defendants have violated the provisions of said contract, providing the immediate possession of said lot and property should be given the plaintiff, as alleged in folio 8 of the complaint?"

[1] We think these requests of the defendants should have been granted, particularly that one which seeks to discover whether the alleged modifications of the contract were oral or in writing. Boland v. Emma Willard School, 152 App. Div. 915, 137 N. Y. Supp. 474.

There are four defendants, and all four of them are parties to the contract. The plaintiff should inform the defendants which one of them she conferred with when these rather unusual alleged modifications of the contract were made; and she should give to the defendants the name of their agent who has interfered with her rights. Interesting legal questions may arise as a result of such information, not only between the plaintiff and the defendants, but between the defendants themselves. These questions should be determined, as far as may be, before the day of trial.

**[2]** Vague and general allegations in pleadings are not to be encouraged. Pleaders should be pinned down as much as possible to specific facts. This clarifies the situation, simplifies the issues, and minimizes the work on the day of trial.

The order of the Special Term should be modified, by granting all the requests which were denied.

Order modified, by granting all the requests which were denied, with $10 costs and disbursements to the appellants. All concur.