J. S. HOWARD, *et al.,* v. C. A. ROBERTS as Admr.

156 So. 438.

Division A.

(Two Cases.)

Opinion Filed September 6, 1934.

*Joe Hill Williams,* for Appellants;

*Knight & Knight,* for Appellee.

ELLIS, J.—These two cases are considered together because in some phases the same questions were originally involved, the parties are practically the same, and the solicitors in each case are the same.

In each case a mortgage lien is sought to be enforced, the mortgagors in each case being the same persons, although the lands involved are different. In each case there were some criticisms by the defendants of the character of the allegations in the bills as to the certainty of ownership of

the notes representing the indebtedness and the mortgages which were executed to secure the payment of it.

Certainty in pleading is a fundamental requirement in that art. When it is ignored confusion and oftentimes unnecessary expense is introduced into a perfectly simple case which may have been determined expeditiously and at a minimum of cost as the rules of good pleading are designed to accomplish.

There are forms of allegations relating to facts which although material and necessary to be alleged are often formal in character, as, for instance, in a foreclosure proceeding such as these the allegation of ownerssip of the notes and mortgage by the complainant, the amount paid, if any, and the remainder claimed to be due. No reason exists in logic or law, nor in grammar and good pleading, why such allegations should not be made in the usual phrases or sentences commonly employed to express the idea of ownership. But that custom was not followed in case numbered two, and so by reason of the motion to dismiss the bill, which was overruled and from which order an appeal was taken, the appellate court is sent to the record to examine the language of the bill of complaint, search its phrases and words for an expression which might be tortured into an allegation of ownership by the complainant of the notes and mortgage, and whether there are words of sufficient clearness of meaning to express the idea that the complainant desires an enforcement of the mortgage lien in satisfaction of the alleged unpaid debt by sale of the mortgaged property and the foreclosure of an equity of redemption of the mortgaged premises by the mortgagor and interested parties.

The bill alleges that the notes and mortgage were executed by the Howards to C. A. Roberts, the complainant, to secure the payment of a debt which the Howards owed to

him. Copies of the notes are attached to the bill as also the original mortgage and are by appropriate words made part of the bill of complaint. It is alleged that the notes have not been paid, that each of them is unpaid, past due and no payments have been made on them. It is alleged that the complainant had placed the notes and mortgage in the hands of attorneys for collection and had authorized them to bring the suit and had agreed to pay them a definite sum for their services in the foreclosure proceeding.

The purpose of the litigation is the enforcement of the mortgage lien. The Court is asked to take jurisdiction of the cause and subject matter, and that an account be taken of the amount due by the defendants to the complainant including a reasonable attorney's fee. It is prayed that the equities be decreed to be with the complainant and that the defendants be required to pay the amount found to be due to the complainant by a certain day and in default thereof that the land mortgaged be sold to satisfy the indebtedness as provided by law and in the event the lands shall be sold that the lien of the judgment held by the Virginia-Carolina Chemical Corporation be cancelled and annulled as to the lands and that the equity of redemption of the defendants and of all persons claiming under them to the lands since the bringing of the suit be "forever barred, estopped and annulled and that the * * * purchasers * * * be decreed to take fee simple title" clear and free of all right, title, interest and claim of the defendants and of all parties claiming any interest therein, through or under them.

The allegations mentioned are sufficient by inference to show the ownership and possession of the notes and mortgage by the complainant, the non-payment of the debt and the amount due which is a mere matter of mathematical calculation.

The language of the prayer is sufficiently definite to warrant a decree of foreclosure, a sale of the property to satisfy the debt and the transfer of the title to the purchaser free of all claims of the defendants and their equity of redemption.

The Court, however, does not approve of that method of pleading. When the existence of a fact is essential to the relief sought the fact should be made to appear in the pleadings by direct allegations with reasonable certainty. There is no excuse for circumlocution, indirection and innuendo. When such means are employed they can be productive only of controversy and often confusion, making for expense and delay in litigation. The appeal will not be dismissed as frivolous, although we do hold that the decree should be and is affirmed.

As to case No. One in which C. A. Roberts, as administrator of the estate of Mrs. M. E. Roberts, deceased, is appellee, the only question presented is whether the holder of a note and mortgage held by assignment by the payee of the note and mortgagee as collateral security for the payment of a smaller debt due by the payee of the note and mortgage to the assignee creditor may maintain a suit to foreclose the mortgage against the maker, all parties in interest being before the Court.

This Court has answered that question in the affirmative. See Brown v. First Nat. Bank, 86 Fla. 198, 97 South. Rep. 351; Gables Racing Association, Inc., v. Robert Persky, *et al.*, decided this term.

In a case of this kind the matter of accounting presents no difficulty. The parties in interest are before the Court and the Court may by appropriate orders allocate the sum received from the sale of the mortgaged property to the parties interested in accordance with their interest as evidenced by the respective debts. Every opportunity of de-

fense is afforded the original maker of the note and mortgage upon his indebtedness to the payee of the notes while the latter is afforded his opportunity of defending the suit against his own creditor.

There is no merit in the objection to the Court's order overruling the motion to dismiss the bill from which order the appeal was taken in this case. So the decretal order in this case is affirmed.

The decretal order in each case is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.