**LUCY V. SAUCER, et al., v. CITY OF WEST PALM BEACH, in Palm Beach County, Florida.**

21 So. (2nd) 452                                          January Term, 1945
March 6, 1945                                                      Division A

*E. B. Donnell,* for appellants.

*Paul W. Potter,* for appellee.

BUFORD, J.:

The appellant, plaintiff below, joined by her husband, filed suit against the City of West Palm Beach, Florida, claiming the City allowed a sidewalk to be in a bad and unsafe condition, and that she stepped into a depression and fell, suffering injuries, as set forth in declaration.

To the second amended declaration the defendant City filed two pleas, one a plea of "not guilty" and the other a plea of contributory negligence. The case was tried before a jury, and resulted in a verdict for the defendant. Plaintiff's motion for a new trial was denied and plaintiff appeals.

Plaintiff assigns six errors, all of which are set forth in brief as questions involved, which we shall consider in the order presented.

First Question: Should the court below have instructed the jury that there was no evidence of permanent injury?

The testimony shows that there is no evidence of permanent injury. The burden of proof is on the plaintiff, and this allegation was not proven. Even if there were any proof of permanent injuries, the primary question for the jury to decide was that of negligence. By the verdict for the defendant the jury determined that the defendant was not guilty of negligence or that the plaintiff, appellant here, was guilty of contributory negligence. The court correctly charged the jury there was no evidence of permanent injuries, and no error was committed. See Blashfield's Instructions to Juries, Vol. 1, page 294; People v. Welch, 49 Cal. 174; People v. King, 27 Cal. 507, 87 Am. Dec. 95; King v. King, 155 Mo. 406; Reed v. Shenck, 13 N. C. 415.

"It is the duty of the court to tell the jury that there is no evidence of a particular fact if there is none." Wells v. Clements, 48 N. C. 168.

Florida Statutes 1941, (F.S.A.) Sec. 54.17 provides:

"54.17 Court's Charge to Jury: Direction of Verdict—Upon the trial of all cases at law in the several courts of this State, the Judge presiding on such trial shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause. If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent to the judge of the circuit court, county court, or civil court of record, that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant; and if, after all

the evidence of the parties shall have been submitted, it be apparent to the judge of the circuit court, county court or civil court of record that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party.

"At trial of any civil action or proceeding at law in the courts of this State, the judge presiding shall charge the jury on the law of the case in the trial at the conclusion of the argument of counsel."

It has been held in Florida that where there is evidence to support an issue, it should be submitted to the jury; *but otherwise not*. See Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 So. 516; Florala Sawmill Co. v. Smith, 55 Fla. 447, 46 So. 332; Starke v. Sawyer, 56 Fla. 596, 47 So. 513; Bass v. Ramos, 58 Fla. 161, 50 So. 945, 138 Am. St. Rep. 105; Seaboard Air Line Ry. v. Moseley, 60 Fla. 186, 53 So. 718; Skinner Mfg. Co. v. Douville, 61 Fla. 429, 432, 54 So. 810; Geo. E. Wood Lbr. Co. v. Gipson, 63 Fla. 316, 323, 58 So. 364; So. Express Co. v. Williamson, 66 Fla. 286, 63 So. 433; L.R.A. 1916 C, 1208; King v. Cooney-Eckstein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916 C 163; Paul v. Commercial Bank of Ocala, 69 Fla. 62, 68 So. 68.

In the case of Caraway v. Graham, 218 Ala. 453, 118 So. 807, in an action against a physician for malpractice, an assignment of error was based on the refusal of the trial court to give specifically requested charges to the effect that there was no evidence of certain alleged facts. The particular charge requested was: "The Court charges the jury that there is no evidence in this case that the defendant cut into either of plaintiff's kidneys." The court said: "There was no such evidence, and this charge might have contributed something to the jury's understanding of the issues to be decided"; but held not error.

In the case of Kenney v. Langston, et al., 133 Fla. 6, 182 So. 430, the court held that the legal sufficiency of the evidence is a matter of law for the court to determine.

In the case of Stevens v. Tampa Electric Co., 81 Fla. 512,

text 519, 88 So. 303, this Court had before it the question of directing a verdict, when it said:

"The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned.

"This rule does not impair the organic right to a jury trial, since if by the legal effect of the evidence the plaintiff has not proven a controverted cause of action, he has no more right to a jury trial than if he had failed to allege a cause of action in his pleadings.

"And the principle of law that indulges a presumption in favor of the ruling of the trial court on the probative force of the testimony of the witness taken before him does not violate the rights of the parties to the litigation."

The appellant contends that there is evidence of permanent injuries in the case at bar. It may be conceded by the appellant that the court is authorized to instruct the jury that there is no evidence of permanent injuries, if there is no such evidence. Then the only question which the appellant may raise is whether there is any evidence of permanent injuries, as shown by the testimony. Appellant quotes certain parts of the testimony in his brief, which he believes constitutes evidence of permanent injuries.

Appellant has cited a definition of permanent personal injury as being "different from future pain and suffering and relates to a condition lasting all the future life of the party injured." Tested by the definition given by the appellant, it is apparent that there is no evidence of permanent injury in this case.

If the doctors who treated appellant do not say there is any permanent injury, the jury composed of laymen certainly could not be expected to say there was such injuries; if they did it would be reversible error.

In the case of Samulski v. Menasha Paper Co., 147 Wis. 285, 133 N. W. 142, 145, the court said:

"Verdicts must rest on probabilities, not bare possibilities. There is not capacity in any number of the former to create the latter. So the person on whom the burden of proof rests

to establish the right of a controversy, must produce credible evidence from which men of unbiased minds can reasonably decide in his favor. He cannot leave the right of the matter to rest in mere conjecture and expect to succeed. O'Brien v. Railway Co., 102 Wis. 628, 632; 78 N. W. 1084; Hyer v. Janesville, 101 Wis. 371, 77 N. W. 729; Clark v. Franklin Mut. Fire Insurance Co., 111 Wis. 65, 68, 86 N. W. 549; Hart v. Neillsville, 141 Wis. 3, 15, 123 N.W. 125; 135 Am. St. Rep. 17; Stock v. Kern, 142 Wis. 219; 223, 125 N.W. 447.

"The doctrine of those cases condemns the grounding of a verdict upon such shadowy proof as not to establish the vital facts to a reasonable certainty. A mere choice of possible or conjectural theories will not do."

In Gracy v. A.C.L. Ry. Co., 53 Fa. 350, 42 So. 904, the verdict was for the defendant in a damage suit, and on appeal, one of the errors assigned was based on instructions given at the request of the defendant, limiting the jury in the assessment of damages, if they found for the plaintiff, to the net market value of the property destroyed, and excluded interest. The court said, *"inasmuch as the verdict was for the defendant, it is unnecessary to discuss these assignments."* (emphasis supplied).

In the case at bar, the verdict being for the defendant, there is little need of discussing the question of permanent injuries. Nevertheless, the above authorities show that no error was committed.

Second and Third Questions:

Should the Court have charged the jury as follows: "The Court charges you that it is the duty of the City of West Palm Beach to erect notices or to place light of some sort to warn travelers of the danger where there is a defect in the sidewalk that makes it dangerous for travel without such light or notice."

Should the court have instructed the jury as follows:

"The existence of a dangerous break or defect in the sidewalk may be lawful and thereby not negligence for the city authorities to allow it to continue to exist, but the negligence consists in the failure to protect or warn travelers of the danger resulting therefrom." Apparently counsel for the

appellant in requesting these charges, wanted the court to assume that the defect complained of was dangerous. Six charges were requested by the plaintiff, four of which were given and two refused. Two of the charges given contained the requested clause relating to the erection of warnings or notices or signal lights, which were sufficient.

In the case of Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183, an assignment of error was based on the refusal of the judge to give the following charge; viz: "Under the law, away from the street crossing, street cars have the right of way on their tracks in the street over pedestrians and vehicles." The court said:

"This requested instruction was predicated upon the fact that Stanley Adams was not on a street crossing but 80 or 90 feet therefrom when injured. As an abstract question, this may be a correct statement of law; but what particular application of it the jury were expected to make we are not advised. It was calculated to impress the jury that the company had a superior right upon its tracks, which afforded a complete defense to the defendant irrespective of its actual or presumptive negligence, or its duties to the plaintiff. If there are several important issues it is not proper to single out one of them as the controlling issue (11 Ency. Pl. & Pr. 185) and in this case it is evident that the issue presented in this instruction was not the only or controlling one."

This Court held, in the case of Ga. Sou. & F. Ry. Co. v. Hamilton Lbr. Co., 63 Fla. 150, 58 So. 838, in an opinion by Mr. Chief Justice WHITFIELD: "Whether a charge given to the jury is erroneous or misleading should be determined by a consideration of the charge complained of in connection with all the other charges given, and the pleading and evidence in the case."

It has been held by this Court that requested instructions must be considered in the light of or in connection with the other charges given by the trial court. New York Life Ins. Co. v. Bird, 152 Fla. 532, 12 So. (2) 454. Also see Tampa Shipbuilding & Eng. Corp. v. Adams, 132 Fla. 419, 181 So. 403, 893; Carnley v. State, 143 Fla. 756, 197 So. 441.

In the case of Turner v. Modern Beauty Supply Co., 152 Fla. 3, 10 So. (2) 488, Mr. Justice CHAPMAN said:

"It is not error to decline to give a requested instruction, although it contains a sound principle of law and is applicable to the evidence, if covered by other instructions given by the trial court. See International Lubricant Corp. v. Grant, 128 Fla. 670, 175 So. 727; Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133. While the general instructions on the point in controversy as given could have been more explicit, we do not, under the circumstances as disclosed by the record, feel justified, in awarding a new trial. If error exists, it was not harmful to the rights of appellant."

In the case of Myrick v. Griffin, 146 Fla. 148, 200 So. 383, it was said:

"We have considered the question presented and our conclusion is that insofar as the refusal to give the charges constituting the basis of plaintiff in error's questions numbered 1, 2 and 3, the record shows that the principles of law embraced in the charges requested and refused had been adequately covered in the instructions given the jury and that there was no reversible error committed by the court in refusing to reiterate those principles in the language proposed by the defendant."

In the case of Farnsworth v. Tampa Electric Company, 62 Fla. 166, 57 So. 233, the court said:

"Again and again we have expressed our disapproval of the practice of requesting an unnecessarily large number of instructions. See Gracy v. Atlantic Coast Line R. Co., 53 Fla. 350, 42 So. 903; A.C.L. Ry. Co. v. Crosby, 53 Fla. 400, 42 So. 318; McCall v. State, 55 Fla. 108, 46 So. 321."

The appellant quoted from 25 Am. Jur. Highways, Sec. 411, in his brief. This Section contains general principles regarding the safety of highways and is too broad. However, continuing further, Sec. 413, states among other principles that "Actual notice of every specific obstruction or defect in street or highway is not required to be given a traveler, . . ."

It would be foolish to insist that a municipality be required to place a lantern over every three inch break in the sidewalks. It was for the jury to determine whether the

defect complained of in the sidewalk required a notice or signal light. The charges refused are not good law.

The charges given the jury by the court were sufficient, and no error was committed.

Fourth Question:

Did the court err in striking the words "or more" in the seventeenth line, page 1, of the Amended Declaration in the order entered July 20, 1942?

The words "or more" rendered the declaration indefinite and uncertain as to the defect complained of, whether it was two inches deep or twenty-five feet deep. The testimony showed it was about the length of a Pall Mall cigarette. It should have been described more definitely, as was done in the amended declaration.

"Material facts in a pleading must be alleged with certainty, clearness, accuracy and precision, without ambiguity of meaning, and with such definiteness as to leave no room for doubt as to the exact matters pleaded." *49 C. J. Pleading, Sec. (90) 3.*

"Certainty is essential to good pleading." See Hillsborough Grocery Company v. Leman, 62 Fla. 208, 56 So. 684.

"The defendant should be apprised with sufficient definiteness of his alleged liability to enable him to prepare a defense." Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 So. 1024.

"The object of judicial proceedings is to ascertain and decide upon disputes between parties. In order to do this, it is indispensible that the point or points in controversy be evolved and distinctly presented for decision. The pleadings in action at law are designed to develop and present the precise points in dispute and they should be characterized with certainty, clearness and conciseness. The administration of justice is a practical affair and the pleadings should not be converted, or rather perverted, into logomachines or logic-chopping." Seaboard Air Line Railway v. Rentz, 60 Fla. 429, 54 So. 13. Quoted in Florida E. C. Ry. Co. v. Knowles, 68 Fla. 400, 67 So. 427.

In the case of Howard, et al., v. Roberts, 156 So. 438, 116 Fla. 381, Mr. Justice ELLIS said:

Certainty in pleading is a fundamental requirement in that art. When it is ignored, confusion and oftentimes unnecessary expense is introduced into a perfectly simple case which may have been determined expeditiously and at a minimum of cost as the rules of good pleading are designed to accomplish."

In 49 C. J. Pleading, 92, notes:

"Vague and general allegations in pleadings are not to be encouraged. Pleaders should be pinned down as much as possible to specific facts. This clarifies the situation, simplifies the issues, and minimizes the work on the day of trial." Mattoon v. Ives, 169 App. Div. 830, 832, 155 N.Y.S. 679.

Fifth Question:

Should the Court have stricken from the second paragraph of the Amended Declaration the following words: "A written statement giving notice of intention to sue has been served on the defendant and filed with the Commission as required by law thirty days before instituting this action?"

The second Amended Declaration sets forth the following:

"A written statement giving the particulars of the cause of action and containing a notice of intention to sue was served on the defendant on or about the 18th day of December, 1939, and the same was brought to the attention of and filed with the Commission and considered by the Commission at a time thirty (30) days before instituting this action. A copy of which statement is attached hereto, marked Exhibit A and made a part hereof."

In ruling upon a motion for directed verdict made by the defendant, (transcript page 88-89), and after counsel for plaintiff admitted his oversight in not proving the above allegations, the court construed the plea of not guilty and the plea of contributory negligence as not to deny that such a notice was given, and that it is admitted by the answer that the notice was given. The court did not even require proof of the notice, and certainly committed no error in requiring that the pleading be more specific. This assignment of error is frivolous.

Sixth Question:

Should the Court have granted a motion for new trial?

There was no reason for a new trial. The verdict of the jury is clearly supported by the evidence. It is apparent that the jury could have found a verdict for the defendant, in this case, and that such verdict was proper. The trial judge correctly sanctioned the verdict by overruling the motion for a new trial.

In the case of Jacksonville Electric Co. v. Cubbage, 58 Fla. 287, 51 So. 139, it was held that mere preponderance in evidence does not justify an appellate court in reversing a jury's verdict, concurred in by the trial court.

The rule laid down by this Court in Wilson v. Jernigan, 57 Fla. 277, 49 So. 44, regarding the sufficiency of evidence:

"In passing upon this question, we are not to be guided by what we think the jury ought to have done or what we think we would have done had we been sitting as a jury, but whether as reasonable men they could have found such a verdict."

This rule was followed in Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 So. 367; A.C.L. R. R. Co. v. Levy, 68 Fla. 234, 67 So. 47; Florida East Coast Railway Company v. Knowles, 68 Fla. 400, 67 So. 122.

There is no merit to this appeal. No error was committed by the trial court. The appellant raised the question of whether there were reversible errors. It is apparent that the judgment of the lower court should be affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.