THORNAL, Justice.
In two cases consolidated for trial appellant Hopkins, individually and as administrators, seeks reversal of judgments for the appellee-defendant City of Tallahassee in actions for damages for the alleged wrongful death of appellant’s twelve-year old daughter while using the municipal swimming pool as a paying customer.
The cases were tried on issues of negligence and contributory negligence. Appellant contends for reversal solely on the grounds that the verdicts were contrary to the evidence and the law. No errors of law by the trial judge are assigned except the contention of appellant that the judge should have granted his motions for a new trial. In this connection it is noted that the parties evidently conceded that the issues framed by the pleadings and developed by the evidence tendered questions to be settled by the jury because at no point in the trial did either party move for a directed verdict. We are not here holding that such failure precludes a consideration of the motion for a new trial. The point was not presented to us for determination on this appeal. We mention it at this point merely to buttress our own ultimate conclusion that the trial judge did not abuse his sound judicial discretion when he denied the motion for a new trial. Further, in this regard it is noted that without having requested a directed verdict on the subjects and in the absence of *771 a motion to eliminate any of the defenses from the jury’s consideration, the appellant instead expressly requested instructions to the jury on the subjects of negligence and contributory negligence. Such instructions were given by the trial judge substantially as requested.
Having had the solution of the matter entrusted to them without objection by the appellant, the jury resolved the issues in favor of the appellee. After presiding over the trial for several days, with the direct personal opportunity to observe the witnesses, and evaluate the evidence as the critical issues unfolded, the able and experienced trial judge in ruling on the motion for a new trial expressed the conclusion that there was adequate evidence to sustain the jury’s verdicts. Cohen v. Harris, 61 Fla. 137, 54 So. 905; Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 So. 367.
We cannot feel that the jury’s conclusions were grounded on sympathy, passion or pathos because experience dictates that all of these human elements sided with the appellant.
The cases were tried with absolute fairness to both parties who willingly submitted their rights to the jury which they themselves had examined for impartiality and integrity.
In the ultimate, however, when we consider this case within the orbit of our authority as an appellate court we are impelled to the conclusion that there was before the jury evidence legally sufficient to support its verdicts. We are therefore not justified in disturbing them. See Saucer v. City of West Palm Beach, 155 Fla. 659, 21 So.2d 452 (headnote 15).
Despite a humanitarian, heartfelt sympathy for the appellant over the tragedy which he has suffered, we are compelled to conclude that the judgments must be and they are hereby—
Affirmed.
DREW and O’CONNELL, JJ., and REVELS, P. B., Circuit Judge, concur.
TERRELL, C. J., and TPIOMAS and HOBSON, JJ., dissent.