301 So.2d 29 (1974)
AVIS RENT-A-CAR SYSTEM, INC., and Robert C. Cobb, Appellants,
v.
Joseph A. STUART, As Natural Guardian and Next Friend for Mark K. Stuart, a Minor, Appellees.
No. 73-924.
District Court of Appeal of Florida, Second District.
September 30, 1974.
Richard M. Gale, Miami, Brown, Dixon & Shear, Tampa, and Robert L. Dube, Miami, for appellants.
Charles D. Bailey, Jr., Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellees.
McDONALD, PARKER LEE, Associate Judge.
The Appellants, Avis Rent-A-Car System, Inc. and Robert C. Cobb, appealed a judgment entered for Joseph A. Stuart as natural guardian and next friend for Mark K. Stuart, against them. The claim arose as a result of an automobile accident that occurred on April 20, 1972.
In view of the provisions of Fla. Stat. § 627.737, the Plaintiff sought to prove a permanent injury. The trial judge found for the Plaintiff on the ground "of permanency", and entered a judgment on the minor's claim for $2,000.00.
The reconstructed record demonstrates that there was no evidence upon which the trial judge could make a finding that the minor Plaintiff suffered a permanent injury within reasonable medical probability. Following the accident, the minor Plaintiff complained of pain in his neck and upper back. He was seen by the doctor three times and had seven physical therapy treatments. The trial judge found that at the time of trial Mark was still experiencing pain in his lower back, tightness in his upper back, had a certain amount of limitation of motion of his right arm, and was unable to lift objects which prior to the accident he was capable of lifting. The only medical testimony was from the attending physician who testified that the minor Plaintiff had no permanent injury.
In Saucer v. City of West Palm Beach, 1945, 155 Fla. 659, 21 So.2d 452, it was stated:
"If the doctors who treated appellant do not say there is any permanent injury, the jury composed of laymen certainly could not be expected to say there was *30 such injuries; if they did it would be reversible error."
In Morrison v. Bohne, Fla.App.2d, 1973, 274 So.2d 896, this Court was confronted with a similar factual situation and held that it was error to allow the introduction of mortality tables in the absence of a statement by any witness that the injury was permanent.
Under the facts of this case the trial judge was in error in relying on the language in Salvador v. Munoz, Fla.App.3d, 1966, 193 So.2d 442, as a basis for her finding of permanence.
While great latitude is given the trier of facts, the trial judge in this case, a judgment cannot stand if there is no competent substantial evidence to support it.
The judgment appealed from is reversed with instructions to the trial judge to enter an amended judgment for the Plaintiff Joseph A. Stuart on the property damage claim only.
MANN, C.J., and GRIMES, J., concur.