STEAGALL, Justice.
Linda Holley Jones appeals from an order overruling her motion for new trial. We reverse.
M. Louis Fortner filed a complaint against Jones alleging that Jones negligently caused Fortner’s injuries to his neck, back, and shoulder. Fortner’s automobile was struck from the rear by an automobile driven by Jones. Liability was acknowledged by Jones, and the case was submitted to the jury on the issue of damages alone. The trial court instructed the jury on the issues of past and future pain *909 and suffering; pre-existing condition; permanent injury; and medical expenses. Counsel for Jones objected to the charge regarding permanent injury, and the trial court overruled the objection.
The jury returned a verdict for Fortner in the amount of $26,652. Jones filed a motion for new trial or, in the alternative, a motion for remittitur. The grounds asserted in support of the motion were that the trial court erred in submitting to the jury the issue of whether Fortner sustained permanent injury, and that the trial court erred in allowing into evidence testimony and exhibits regarding certain medical expenses incurred by Fortner without proof that such expenses were reasonable and necessary. The trial court overruled the motion for new trial, conditional on the acceptance of a remittitur by Fortner of $742, which represented the medical expenses that were not shown to be reasonable and necessary. The remittitur was accepted by Fortner. The trial court then overruled the motion for new trial and reduced the amount of the judgment to $25,-910.
The issue on appeal is whether the trial court erred in submitting to the jury the issue of damages for permanent injury. Jones argues that Fortner did not claim damages for permanent injury in his complaint, and that there was no medical evidence that Fortner sustained a permanent injury.
Fortner’s complaint sought damages for injuries to his neck, shoulder, and lower back. There was no claim for lost wages, and no such issue was presented to the jury. There was also no claim for permanent injury or future pain and suffering; nevertheless, these issues were submitted to the jury.
Fortner testified that he had experienced severe neck and shoulder pain since the accident and that he was still in pain at the time of trial. He further testified that he had been taking pain medication on the “basis of need,” and that there were some days when he did not experience any pain. Fortner further stated that there were some activities which he could not perform because of his injury, and that some activities caused him more pain than others. Fortner had missed work “some days” as the result of his injury, but Fortner testified that at the time of trial he was working every day.
The only medical evidence offered was that of Dr. John Featheringill, an orthopedic surgeon, who treated Fortner after the accident. Fortner’s medical history revealed that he had undergone a cervical fusion by another doctor approximately five years before the accident in this case. Dr. Featheringill examined X-rays of Fort-ner’s cervical area, and found the cervical fusion to be intact. The X-rays did not indicate any sign of trauma, fracture, or dislocation in the cervical area. It was Dr. Featheringill’s opinion that the automobile accident in question did not affect the cervical fusion Fortner had received several years prior to this accident. While Fortner was hospitalized for an unrelated knee injury, Dr. Featheringill performed an evaluation of the cervical area, which included a bone scan and an electromylogram. Both of these tests were negative.
Dr. Featheringill described Fortner’s injury as a “cervical strain,” and stated that he felt Fortner’s pain was chronic. Dr. Featheringill also testified that he did not feel Fortner had any permanent impairment as a result of the automobile accident. He stated that before the accident he had given Fortner a permanent impairment rating of twenty percent (20%) to the whole body based on the fact that he had a cervical fusion. However, he did not feel that X-ray or other examinations after the accident revealed any change in the fusion status, or that there had been any change in the degree of impairment.
A number of Alabama cases have considered the issue of permanent injury and the evidence necessary to submit that issue to the jury. See Mordecai v. Cardwell, 270 Ala. 723, 121 So.2d 898 (1960); Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830 (1948); City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888 (1941). A review of these cases indicates that an award of damages for permanent *910 injury is a jury question if the evidence is controverted. However, none of these cases has addressed the specific issue presented in this case.
Other jurisdictions have addressed the issue presently under consideration. As a general rule, “recovery for permanent injuries is ordinarily not allowed where the medical evidence offered positively refutes any claim of permanency.” Annot., 18 A.L.R.3d 170, 185 (1968). In Avis Rent-A-Car System, Inc. v. Stuart, 301 So.2d 29 (Fla.Dist.Ct.App.1974), the court reversed the trial court’s award of damages for permanent injury in a case where the facts were very similar to the present situation. The rationale set forth by the Florida court in reaching its decision is applicable to this case:
“Following the accident, the minor plaintiff complained of pain in his neck and upper back. He was seen by a doctor three times and had seven physical therapy treatments. The trial judge found at the time of trial Mark was still experiencing pain in his lower back, tightness in his upper back, had a certain amount of limitation of motion of his right arm, and was unable to lift objects which prior to the accident he was capable of lifting. The only medical testimony was from the attending physician who testified that the minor plaintiff, had no permanent injury.
“In Saucer v. City of West Palm Beach, 1945, 155 Fla. 659, 21 So.2d 452, it was stated:
“ ‘If the doctors who treated appellant do not say there is any permanent injury, the jury composed of laymen certainly could not be expected to say there [were] injuries; if they did it would be reversible error.’ ”
Avis Rent-A-Car, 301 So.2d at 29.
In the instant case, Dr. Featheringill testified that Fortner had suffered no permanent injury as a result of the automobile accident.
Jones submits that it is of great importance that Fortner’s injury was subjective in nature and that there were no obvious signs of injury from which the jury could make a determination of permanent injury. It has been held that where there is nothing from which a layman can form any well-grounded opinion as to the permanency of the injury or where the injury is purely subjective, expert evidence must be introduced. 25A C.J.S. Damages § 162(9), at 1Í0 (1966). This Court has stated that the weight of an expert’s testimony is subject to all the rules relating to other witnesses within the realm of their knowledge, and that a jury is not bound by expert testimony unless it is uncontradicted and pertains to subjects for experts alone. Police & Fireman’s Insurance Ass’n v. Mullins, 260 Ala. 173, 69 So.2d 261 (1953).
The above rules of evidence are applicable in the present case. Fortner’s injury was not obvious, and the evidence established that he made subjective complaints of pain; therefore, expert medical testimony was required to prove whether the injury was permanent. The testimony of Dr. Featheringill, the medical expert, was that the injury was not permanent. Because this testimony was uncontradicted, the issue of permanent injury should not have been submitted to the jury.
We note that there is a distinction between future pain and suffering and permanent injury. The general rule is that it is not necessary that an injury be permanent in order for a plaintiff to recover for future pain and suffering. 25 C.J.S. Damages § 62, at 813 (1966). Therefore, it is possible that Fortner could recover for future pain and suffering and not for permanent injury, because his testimony that he was continuing to experience pain at the time of trial is some evidence of future pain and suffering.
Based on the foregoing, the judgment of the trial court is reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.