SHORES, Justice.
Flowers Hospital, Inc. (“the Hospital”), appeals from a judgment in favor of Janie S. Arnold in her negligence action against the Hospital. Because the trial court erred by instructing the jury on the issue of permanent injury even though there had been no expert testimony to establish a permanent injury, we reverse and remand.
Mrs. Arnold was admitted to Flowers Hospital on June 8, 1991. The orders admitting her diagnosed her as having had a seizure and indicated that the Hospital should take “seizure precautions” in supervising and treating her. While she was a patient at Flowers Hospital, she fell from a wheelchair during a subsequent seizure and was injured. Mrs. Arnold sued the Hospital, alleging that the Hospital had negligently failed to take “seizure precautions” while supervising her. The jury awarded her damages of $31,250. On February 25,1993, the trial court entered a judgment in conformity with the jury verdict against the Hospital. The court denied the Hospital’s motion for a judgment notwithstanding the verdict, or, in the alternative, for remittitur or a new trial. The Hospital appeals.
The Hospital contends that the trial court erred in denying its motion for a new trial or remittitur. It makes three arguments in support of this contention. We reverse judgment of the trial court, for the reasons below, based on the- Hospital’s argument that the trial court improperly charged the jury on the issue of permanent injury even though the plaintiff had produced insufficient evidence to create an issue of fact on this matter. Thus, we need not address the other issues raised by this appeal.
The trial court instructed the jury as follows:
“If you are reasonably satisfied from the evidence that [Mrs. Arnold] has suffered permanent injury and that those or that injury proximately resulted from the wrong she complained of here, you should include in your verdict the amount that you determine to be reasonable compensation for that permanent injury.”
[R.T. 221.] The Hospital’s counsel objected to this jury charge before the jury retired to deliberate.
Mrs. Arnold contends that she has developed a fear of hospitals because of her fall from the wheelchair during her seizure at Flowers Hospital, and that this fear is a permanent injury. Both she and her husband, Rodney Arnold, testified that she has been afraid of hospitals ever since her fall from the wheelchair and that Mr. Arnold has to take time off from work to be with her whenever she has to go to a hospital. Mrs. Arnold argues that, because her fear is a subjective injury rather than an objective physical injury, this testimony was sufficient evidence to put the issue of permanent injury before the jury. She further argues that the Hospital introduced no medical evidence to refute her claim of permanency; she contends that such evidence is required by Jones v. Fortner, 507 So.2d 908 (Ala.1987).
In Jones v. Fortner, we held that it was reversible error to submit the issue of permanent injury to the jury in a case where a medical expert had testified without contradiction that the injury complained of was not permanent. 507 So.2d at 910. In this ease, neither side presented expert testimony as to whether Mrs. Arnold’s fear of hospitals was permanent. In Jones v. Fortner, we indicated that “expert medical testimony was required to prove whether the injury was permanent.” 507 So.2d at 910; see also Collins v. Windham, 277 Ala. 129, 167 So.2d 690 (1964) (indicating that when the alleged injury was subjective and there was no expert medical testimony that the injury was permanent, it was reversible error to admit mortality tables into evidence because they could have affected the jury’s verdict). “It has been held that where there is nothing from which a layman can form any well-grounded opinion as to the permanency of the injury or where the injury is purely subjective, expert evidence must be introduced. 25A C.J.S. Damages § 162(9), at 110 (1966).” Jones v. Fortner, 507 So.2d at 910.
Jones v. Fortner, 507 So.2d at 910, quoted with approval a statement from Avis Rent-A-Car System, Inc. v. Stuart, 301 So.2d 29, 29-30 (Fla.Dist.Ct.App.1974):
*853 “ ‘In Saucer v. City of West Palm Beach, 1945, 155 Fla. 659, 21 So.2d 452, it was stated:
“ ‘ “If the doctors who treated appellant do not say there is any permanent injury, the jury composed of laymen certainly could not be expected to say there [were] injuries; if they did it would be reversible error.”’”
Mrs. Arnold presented no expert medical evidence that her fear of hospitals was a permanent injury caused by her fall from the wheelchair during her seizure while she was a patient of the Hospital. Therefore, the trial court erred in charging the jury that it could award damages for permanent injury if it was satisfied that Mrs. Arnold suffered a permanent injury. Because we cannot determine whether the instructions on permanent injury affected the jury’s verdict, we must reverse the judgment based on that verdict and remand the ease for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.