695 So.2d 942 (1997)
Melissa Schwey MATTEK, Appellant,
v.
Sheryl B. WHITE, Appellee.
No. 96-2533.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
*943 Brian J. Connelly of the Law Offices of William S. Frates, II, Vero, for appellant.
John F. Colowich of the Law Office of John F. Colowich, Vero Beach, for appellee.
KLEIN, Judge.
A jury found that appellant plaintiff had no permanent injury resulting from an automobile accident, and she appeals, arguing that the court erred in permitting a physicist, who was testifying as an expert on accident reconstruction and biomechanics, to give an opinion that she had not suffered a permanent injury in this accident. We agree and reverse for a new trial.
Plaintiff was injured in a rear-end collision and presented medical testimony to the effect that she had two herniated cervical disks. The defense disputed that she had suffered a permanent injury in this accident both through the testimony of medical experts and through the testimony of James Ipser, a physicist with a Ph.D. who was presented as an expert on accident reconstruction and biomechanics. After giving an opinion that the vehicle striking plaintiff's vehicle from the rear was travelling at no more than seven miles per hour, he was allowed to testify, over objection, that no one could be injured, based on literature he had studied, in an impact of less than twelve miles per hour. Accordingly, he testified that plaintiff could not have suffered a permanent injury.
Plaintiff contends on appeal, as she did in the trial court, that Dr. Ipser was unqualified to render an opinion about whether she had a permanent injury because he has no medical training.
It is well established that expert medical testimony is required to prove that a plaintiff has suffered a permanent injury under our no-fault insurance law. See § 627.737(2), Fla.Stat. (1995). City of Tampa v. Long, 638 So.2d 35 (Fla.1994); Avis Rent-A-Car Sys., Inc. v. Stuart, 301 So.2d 29 (Fla. 2d DCA 1974). It is thus elementary to us that Dr. Ipser would not have been qualified to testify that the plaintiff did have a permanent injury as a result of this accident. If that is true, it would follow that his lack of medical expertise would also render him unqualified to testify that plaintiff had no permanent injury as a result of this accident.
We find support for that conclusion in Behn v. State, 621 So.2d 534 (Fla. 1st DCA 1993), in which the first district reversed a manslaughter conviction for a new trial. The State was prosecuting the defendant for knowingly driving with defective brakes, and the trial court had permitted an accident reconstructionist, who was not a medical expert, to testify that if the defendant's brakes had not been defective, the collision, which still would have occurred, would not have caused a fatality. In reversing for a new trial, the first district held that it was beyond the expert's competence to testify as to the extent of the injuries that would have occurred, but for the defective brakes.
*944 Defendant apparently recognizes that Dr. Ipser is not qualified to testify about matters which would require medical expertise, and primarily argues that his testimony regarding permanency was harmless in light of the opinion of the defendant's medical expert that there was no permanent injury, as well as the evidence of physical activities which plaintiff was able to engage in after the accident.
We cannot find the error in admitting this testimony to be harmless because there was ample evidence in this case that plaintiff did have a permanent injury, and the admission of Dr. Ipser's opinions regarding permanency could well have been what persuaded the jury to find no permanency. As an aside, we would add that when a trial lawyer leads a judge into an obvious error like this one, cries of harmless error on appeal are likely to fall on deaf ears. We therefore reverse and remand for a new trial.
WARNER and SHAHOOD, JJ., concur.