774 So.2d 761 (2000)
Arthur ZANE, Appellant,
v.
COASTAL UNILUBE, INC., a Tennessee corporation, Donald Pete Davis and Felix Giusto, Appellees.
No. 4D99-4111.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Rehearing Denied January 18, 2001.
*762 Dan Cytryn of the Law Offices Dan Cytryn, P.A., Tamarac, for appellant.
Douglas M. McIntosh and Michael A. Petruccelli of McIntosh, Sawran, Peltz, & Cartaya, P.A., Fort Lauderdale, for appellees.
FARMER, J.
We affirm the final judgment in this motor vehicle collision case in which plaintiff has raised several issues. Our affirmance rests on the following analysis.
The jury's finding that plaintiff did not suffer a permanent injury as a result of the collision in suit is supported by ample evidence of a preexisting condition, as well as a later accident, and the testimony from the defense neurologist and neuroradiologist. See Jarrell v. Churm, 611 So.2d 69, 70 (Fla. 4th DCA 1992) (opponent of permanency creates jury issue by presenting conflicting evidence); Rose v. Dwin, 762 So.2d 532 (Fla. 4th DCA 2000) (same). A motion for directed verdict should be denied when, as here, there is conflicting medical evidence on the issue of permanency. Williamson v. Superior Ins. Co., 746 So.2d 483, 485 (Fla. 2nd DCA 1999) (motion for directed verdict should only be denied and case submitted to jury when conflicting evidence has been presented by the parties).
We find no error in the trial court's decision to allow Dr. McElroy to testify as an expert. The precise objection made at trial was that Dr. McElroy was entirely unqualified to testify as to the probabilities of plaintiff suffering no injury from a 5 mph accident with an operational seatbelt in use. Unlike Mattek v. White, 695 So.2d 942 (Fla. 4th DCA 1997), where an expert's testimony was used to show that plaintiff did not suffer a permanent injury from such a collision, here the testimony was offered solely as to the "expectation" of plaintiff suffering no injury if he had been using his seatbelt, as to which Dr. McElroy established his qualifications.[1]
Plaintiff has failed to show that the trial judge abused his discretion in denying his motion for new trial on the grounds that the verdict was against the manifest weight of the evidence. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999); Beauvais v. Edell, 760 So.2d 262 (Fla. 4th DCA 2000). The court did not err in refusing to give an instruction under Gross v. Lyons, 763 So.2d 276 (Fla.2000), because plaintiffs expert witnesses testified that the two accidents could be apportioned. We reject all other grounds without further comment.
AFFIRMED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] We understand "expectation" to mean "probability" as to a driver/passenger suffering injury under the circumstances with a seatbelt in use. Plaintiff did not object to Dr. McElroy's proposed testimony on the grounds that it failed to satisfy the requirements of Frye v. United States, 293 F. 1013, 1014 (D.C.Cir.1923), for new or novel scientific evidence. See Flanagan v. State 625 So.2d 827, 828 (Fla.1993) (novel scientific evidence is not admissible in Florida unless it meets the Frye test); Ramirez v. State, 651 So.2d 1164, 1167 (Fla.1995) (under Frye expert's testimony must be based on scientific principle or discovery sufficiently established to have gained general acceptance in particular field); Hayes v. State, 660 So.2d 257, 262 (Fla.1995) (Florida follows Frye test to determine the admissibility of new or novel scientific evidence). We therefore express no opinion as to whether this probability evidence satisfies the Frye test.