WARNER, J.
Appellant, who was injured in an automobile accident, challenges a verdict and subsequent judgment in favor of appellees, contending the court erred in denying a cause challenge to a juror and made several evidentiary errors in preventing appellant’s experts from giving opinions on causation and the existence of injury. We hold that the court did nor err in any of its rulings and affirm.
Appellant, Kathi Stockwell, was a passenger in a vehicle, which collided with another car that was operated by appellee Drake, and rented from appellee Avis. As a result of the collision, she was struck in the head by luggage that was thrown forward. Stockwell claimed that she suffered a brain injury as a result.
During voir dire, Stockwell’s counsel told the jury that Stockwell would not be present during the entire trial. She would only appear at the beginning of the trial and then return to testify. The attorney explained that there was damage testimony that he thought was better discussed outside of her presence. Noting that the jpry would be present the entire time, the attorney asked if any prospective juror believed that Stockwell should be required to be in court the entire time. A couple of jurors believed that she should be present unless there was a medical explanation as to why she could not sit through the entire trial. During jury selection, Stockwell moved to excuse one of these jurors for cause, which the trial court denied, concluding that the belief that she should be present did not constitute cause for removal of a juror. The court said, “I think that if somebody doesn’t want to show up and be present during the trial and there’s no *976 reasonable medical explanation, the jury-has an entitlement to make a decision about that.”
A trial court has considerable discretion when determining whether to grant a juror challenge for cause, which will not be reversed “absent manifest error.” Ault v. State, 866 So.2d 674, 684 (Fla.2003). Generally, the test for determining juror competency is whether a juror can lay aside any bias or prejudice and render a verdict solely on the evidence presented and the instructions on the law given by the court. See Lusk v. State, 446 So.2d 1038, 1041 (Fla.1984). Nevertheless, a jury can consider the failure of a plaintiff to attend or testify at trial when not satisfactorily explained. See Geiger v. Mather of Lakeland, Inc., 217 So.2d 897 (Fla. 4th DCA 1968) (applying an unfavorable inference against minor plaintiff who did not attend or testify at trial). A jury is likely influenced by all kinds of observations of the plaintiff in court. We see no reason why a juror cannot take notice of a plaintiffs absence and consider what that absence says about the plaintiffs case.
Here, the juror said that he would draw an unfavorable inference if Stockwell did not attend the trial without a satisfactory explanation that her condition prevented her from attending. We agree with the trial court that this does not constitute bias or prejudice of the type to warrant striking the juror for cause.
In her next issue, Stockwell claims the trial court erred in refusing to permit her biomechanical engineer from testifying that her brain injury was more likely than not caused by the accident, within a reasonable degree of engineering certainty. The trial court relied on Mattek v. White, 695 So.2d 942 (Fla. 4th DCA 1997), in which we held that a biomechanical engineer did not have the expertise to testify that a plaintiff did not suffer a permanent injury as a result of an accident. In Mat-tek, we relied on Behn v. State, 621 So.2d 534, 536 (Fla. 1st DCA 1993), in which the court noted that it was beyond this type of expert’s competence to testify to the extent of injuries which occurred.
Stockwell relies on Zane v. Coastal Unilube, Inc., 774 So.2d 761 (Fla. 4th DCA 2000), in which we held that Dr. McElroy could testify as an expert that plaintiff would not have suffered injury had he been wearing a seatbelt. The opinion does not state that Dr. McElroy was a biome-chanical engineer, but even if he was, we do not think that Zane supports permitting the expert in this case to offer a causation opinion. The type of injury in Zane is not revealed. Depending upon the mechanism of injury, a biomechanical engineer may be able to offer an opinion. If the injury were caused by the plaintiff hitting the dashboard, for instance, whether the wearing of a seatbelt would have prevented injury would require the examination of the forces of the accident and the acceleration of the body in the vehicle. The biomechanical engineer would be capable of testifying that the plaintiff would not have suffered injuries connected with hitting the dashboard if he were wearing a seatbelt. Thus, the expert would not be testifying to the extent of injury. In this case, the expert was asked questions as to the extent of injury.
As important to our affirmance of the exclusion of the biomechanical engineer’s testimony is the trial court’s rejection of the scientific basis of the testimony proffered. Whether or not in some circumstances a biomechanical engineer might be qualified to render an opinion on the fact of injury or lack thereof, in this case the scientific basis for the expressed opinion was rejected. Stockwell has not offered anything to rebut the trial court’s ruling on the specific scientific basis for the expert’s testimony in this case.
*977 Finally, Stockwell contends that the court erred in excluding the testimony of Dr. Love, a neuropsychologist, regarding his opinion that Stockwell suffered from an organic brain injury. The trial court had originally excluded his testimony but later reversed that position after reviewing Grenitz v. Tomlian, 858 So.2d 999 (Fla.2003). Unfortunately, by that time Dr. Love had left town and could not return. Nevertheless, Stockwell concedes that later in the trial Dr. Todd, another one of her neuropsychologists, was allowed to testify that she suffered a permanent brain injury. Dr. Love’s testimony would have been cumulative of Dr. Todd’s. In addition, Dr. Kishner, Stockwell’s neurologist, testified that she suffered a permanent brain injury. Thus, any error in excluding Dr. Love’s testimony regarding permanent injury would be harmless error. See Sims v. Brown, 574 So.2d 131 (Fla.1991) (holding that erroneous exclusion of cumulative evidence is harmless). Stock-well has not demonstrated otherwise and did not include a full transcript of the trial, omitting portions of Dr. Love’s testimony and all of Dr. Todd’s testimony.
We affirm on all issues.
POLEN and HAZOURI, JJ., concur.