MOORE, Judge.
 

 Jacqueline W. Skerlick appeals from the Houston Circuit Court’s judgment entered on a jury’s verdict awarding Sandra A. Gainey $30,000 in damages. We reverse.
 

 Procedural History
 

 On August 28, 2007, Gainey filed a complaint against Skerlick alleging that Skerlick had negligently caused her motor vehicle to collide with the motor vehicle occupied by Gainey and that Skerlick’s negligence had caused Gainey to suffer injuries.
 
 [1]
 
 Skerlick answered the complaint on September 27, 2007. A jury trial was held on January 28 and 29, 2009. At the trial, the only issue to be determined was that of damages; Sker-lick stipulated that she was at fault in the motor-vehicle accident. On January 29, 2009, the jury found in favor of Gainey and assessed her damages at $30,000. That same day, the trial court entered a judgment on that verdict. On February 17, 2009, Skerlick filed a motion for a new trial; that motion was denied on April 17, 2009. Skerlick timely appealed.
 

 Discussion
 

 On appeal, Skerlick argues (1) that the trial court erred in allowing charges for Gainey’s chiropractic treatment to be submitted to the jury without any expert testimony as to the reasonableness of those charges; (2) that the trial court erred in allowing charges for Gainey’s medical and chiropractic treatment to be submitted to the jury without any expert testimony that that treatment was necessary for injuries Gainey sustained in the accident; and (3) that the trial court erred in charging the jury concerning permanent injury in the absence of any testimony from any of Gai-ney’s treating physicians that she had a permanent injury.
 

 With regard to Skerlick’s first two arguments, we note that, although Skerlick moved for a “directed verdict”
 
 [2]
 
 at the close of Gainey’s evidence, Skerlick subsequently presented evidence in support of her case, and there is no indication in the record that Skerlick renewed her motion for a “directed verdict” at the close of all the evidence.
 

 “Technically, a party has waived his right to a directed verdict on the ground of ‘insufficiency’ if the motion is made at the close of his opponent’s case but he thereafter presents evidence in his own behalf.
 
 Barnes [v. Dale,
 
 530 So.2d 770 (Ala.1988) ]. One who has moved for directed verdict at the close of the opponent’s case is entitled to review of the ‘sufficiency of evidence’ issue and relief from the jury’s verdict, either by JNOV [now a postverdict judgment as a matter of law] or appeal, only if he moves again for a directed verdict at the close of all the evidence.
 
 Alford v. Dobbs, 477
 
 
 *1290
 
 So.2d 348 (Ala.1985);
 
 Great Atlantic & Pacific Tea Co. v. Sealy,
 
 374 So.2d 877 (Ala.1979).”
 

 Denton v. Foley Athletic Club,
 
 578 So.2d 1314, 1316-17 (Ala.Civ.App.1990). Accordingly, we decline to address Skerlick’s first two arguments.
 

 With regard to Skerlick’s final argument — that the trial court erred in charging the jury concerning permanent injury in the absence of expert testimony that she had a permanent injury — we agree.
 
 [3]
 

 In
 
 Flowers Hospital, Inc. v. Arnold,
 
 638 So.2d 851 (Ala.1994), our supreme court stated:
 

 “ ‘It has been held that where there is nothing from which a layman can form any well-grounded opinion as to the permanency of the injury or where the injury is purely subjective, expert evidence must be introduced. 25A C.J.S.
 
 Damages
 
 § 162(9), at 110 (1966).’ ”
 

 638 So.2d at 852 (quoting
 
 Jones v. Fortner,
 
 507 So.2d 908, 910 (Ala.1987)). In
 
 Flowers Hospital,
 
 the plaintiffs injuries were subjective and there was no expert testimony presented as to whether the plaintiffs injuries were permanent. 638 So.2d at 852. Thus, the supreme court held that the trial court had erred in charging the jury that it could award the plaintiff damages for a permanent injury. 638 So.2d at 853.
 

 In the present case, Gainey testified that, as a result of the accident, she had experienced shoulder pain, neck pain, lower-back pain, headaches, anxiety, and depression. She introduced into evidence medical and chiropractic records indicating that she had received various treatments for her physical pain and that she had been prescribed medication for her anxiety and depression. According to Gainey, her physical therapy had been the most beneficial treatment in improving her physical pain. She testified that she does not have the headaches as frequently as before and that they are not as severe. She testified, however, that she has not healed completely and that she lives with neck and shoulder pain every day. Gainey testified that her lower-back pain had eased a few days after the accident but that it flares up occasionally.
 

 Because Gainey’s evidence as to her injuries “is purely subjective,” based on the holding in
 
 Flowers Hospital, supra,
 
 Gainey was responsible for introducing expert testimony indicating that she suffered from a permanent injury. 638 So.2d at 852. Gainey, however, introduced no such evidence. Although Gainey argues that any such error was harmless, “we cannot determine whether the instructions [given by the trial court] on permanent injury affected the jury’s verdict.”
 
 Flowers Hospital,
 
 638 So.2d at 853. Thus, based on the authority of
 
 Flowers Hospital,
 
 we reverse the judgment of the trial court and remand this cause for a new trial.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 . The complaint also included a claim based on wantonness. That claim was later withdrawn, as noted at trial and in the pretrial order, and is not at issue on appeal.
 

 [2]
 

 . A directed verdict is now referred to as a judgment as a matter of law.
 
 See
 
 Rule 50, Ala. R. Civ. P.
 

 [3]
 

 . Skerlick objected to the jury’s being charged on the issue of permanent injury.