SWANSON, J.
In this appeal from his conviction for aggravated child abuse, appellant raises two claims: (1) the trial court abused its discretion by excluding the testimony of appellant’s biomechanics expert that the victim could have been injured in an accident; and (2) the trial court erred in denying appellant’s motion for judgment of acquittal because the state’s circumstantial evidence was not inconsistent with his reasonable hypotheses of innocence. We affirm as to the second claim without further discussion. See State v. Law, 559 So.2d 187 (Fla.1989). However, we reverse as to the first claim and remand for a new trial.
At his jury trial, appellant sought to introduce testimony from Dr. John Lloyd, an expert in biomechanics, that a fall from a day bed could have caused the type of brain trauma suffered by the victim and that shaking alone could not have caused such injuries. Although conceding Dr. Lloyd was an expert in biomechanics, the trial court excluded the testimony upon finding it would not be helpful to the jury, and might confuse the jury, because Dr. Lloyd’s findings in the field of biomechan-ics could not translate into a medical diagnosis regarding the extent of the victim’s injury.
Florida courts have held that a biomechanics expert is not qualified to give a medical opinion regarding the extent of an injury. Stockwell v. Drake, 901 So.2d 974, 976 (Fla. 4th DCA 2005); Mattek v. White, 695 So.2d 942, 943 (Fla. 4th DCA 1997). However, it has been recognized that a biomechanics expert is qualified to offer an opinion as to causation if the mechanism of injury falls within the field of biomechanics. See Houghton v. Bond, 680 So.2d 514, 521 (Fla. 1st DCA 1996) (holding that the defense’s biomechanics expert was qualified to testify that 90% of the plaintiff motorist’s injuries were caused by his hitting the dashboard as a result of his failure to wear a seatbelt because the expert was not offering a medical opinion based on brain anatomy and function); Behn v. State, 621 So.2d 534, 536 (Fla. 1st DCA 1993) (recognizing that *117 an expert in the field of biomechanics would be qualified to testify that a delay in an automobile accident would have altered the fatal consequences). In this case, Dr. Lloyd was not offering a medical opinion as to the extent of the victim’s brain injury, a matter which was not in dispute. Rather, based upon his biomechanical studies, he opined that (1) a child of the victim’s height and weight could have sustained similar brain injuries by falling out of a day bed; and (2) shaking alone could not have caused such injuries. We conclude Dr. Lloyd was qualified to offer these opinions as to causation because the mechanism of injury (falls and shaking) fell within the field of biomechanics.
Although the trial court is accorded discretion in ruling on the admissibility of evidence, that discretion is limited by the evidence code and the applicable case law. McCray v. State, 919 So.2d 647, 649 (Fla. 1st DCA 2006). The intent of the evidence code is to admit expert testimony if it will assist the jury in determining a factual issue, particularly one that is hotly contested at trial, where the testimony is not merely cumulative, but is critical in helping the jurors resolve the factual issues. Barfield v. State, 880 So.2d 768, 770 (Fla. 2d DCA 2004). In this case, Dr. Lloyd’s testimony was relevant to establishing a reasonable hypothesis of innocence, i.e., accidental injury, by rebutting the state’s medical testimony that the victim’s injuries were only consistent with non-accidental trauma. Although the state argues appellant failed to put forth any evidence that the victim fell out of his bed on the date of the alleged offense, appellant correctly responds there also was no direct evidence of intentional abuse because no eyewitness testimony was presented as to how the victim was injured. Accordingly, we conclude the trial court abused its discretion in excluding Dr. Lloyd’s testimony, which was relevant and would have aided the jury in resolving a highly contested factual issue at trial. See Bryant v. Buerman, 739 So.2d 710, 713 (Fla. 4th DCA 1999) (holding that the trial court abused its discretion in excluding the testimony of the defense’s biomechanics expert in a personal injury action arising from an automobile collision because the testimony would have been critical in resolving a highly contested factual issue at trial).
Assuming the trial court erred in excluding Dr. Lloyd’s testimony, the state argues any error was harmless beyond a reasonable doubt because (1) appellant presented testimony from Dr. Edward Willey, a former medical examiner who practiced forensic medicine, that the victim’s injury could have been the result of the victim’s own rambunctiousness or playing; and (2) defense counsel’s primary argument during trial was the victim’s injuries could have been intentionally inflicted by the victim’s mother. However, Dr. Lloyd’s testimony was not merely cumulative to the testimony of Dr. Willey, who had not conducted systematic studies on brain injuries due to falls and was not allowed to testify that the victim’s brain injuries could not have been caused by shaking due to the victim’s size. Furthermore, even though defense counsel argued the victim’s injuries could have been inflicted by the victim’s mother, this did not diminish the fact that appellant was not allowed to present relevant evidence on his alternative theory of accidental injury. Accordingly, the state has failed to establish beyond a reasonable doubt that the trial court’s ruling excluding Dr. Lloyd’s testimony did not affect the jury’s verdict. See State v. DiGuilio, 491 So.2d 1129,1135 (Fla.1986) (“The harmless error test ... places the burden on the state, as the beneficiary of the error, to prove beyond a *118 reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”).
AFFIRMED in part; REVERSED in part; and REMANDED for new trial.
DAVIS and WETHERELL, JJ., concur.