DONALDSON, Judge.
Cajun Operating Company[1] (“COC”) appeals from a judgment of the Jefferson Circuit Court (“the trial court”) entered in favor of Arthur Elijah after a jury returned a verdict assessing damages in favor of Elijah and against COC. COC argues that the trial court erred in denying its motion for a judgment as a matter of law following the presentation of the evidence and that it erred in giving an instruction to the jury that Elijah could receive damages for a permanent injury and in giving an instruction regarding the amount of medical expenses Elijah could recover. Because the evidence did not support the instruction permitting Elijah to recover damages for a permanent injury, we reverse the judgment and remand the case to the trial court for a new trial.

Facts and Procedural History

On November 6, 2009, Elijah visited a Church’s Chicken restaurant operated by COC for the purpose of purchasing food. Words were exchanged between Elijah and an employee of COC who was working in the restaurant. The employee of COC threw a metal straw container at Elijah, which hit him in the area of his right eye.[2] On November 25, 2009, Elijah sought medical treatment for his eye at a hospital. At that time, Elijah complained of pain and twitching in the area of his right eye as well as sinus congestion. The primary diagnosis of the treating physician was a facial contusion with an additional diagnosis of sinusitis. Elijah was prescribed pain medication and an antibiotic. On November 22, 2010, Elijah saw an eye doctor for twitching in his right eyelid. No eyelid spasms were noted in the medical records of that visit. On February 23, 2011, Elijah reported to an eye physician that he had experienced eyelid spasms while at home; however, the spasms were not observed by *1039 the physician on the day of the appointment.
Elijah filed a complaint against COC in the Jefferson District Court (“the district court”), seeking to hold COC liable in damages for the assault and battery committed by one of COC’s employees. A judgment was rendered in favor of Elijah in the district court. COC filed a timely appeal to the trial court for a trial de novo pursuant to § 12-12-71, Ala.Code 1975, and demanded a jury trial. '
A jury trial was held on May 7-8, 2018. Evidence showed that the employee of COC was on duty and performing work on behalf of COC when he became irritated at a comment made by Elijah concerning the quality of the food. The employee picked up a metal container used to hold straws and threw the container at Elijah, striking him near his right eye. COC presented evidence indicating that, immediately before the employee threw the container, Elijah had thrown a receipt at the employee.
Regarding his eye injury, Elijah testified that he continued to suffer pain from the injury and that he had vision problems, including blurred vision and sensitivity to light. Elijah also testified that he had a twitch in his eye that occurred every two to two-and-a-half weeks. Although Elijah introduced certain medical records into evidence, he did not present any medical testimony from any physicians regarding the cause of his injuries or whether any injury was permanent.
COC moved for a judgment as a matter of law regarding its liability for the employee’s act at the conclusion of the presentation of Elijah’s evidence and again at the conclusion of all the evidence. COC contended that the evidence established as a matter of law that the act of the employee in throwing the metal container at Elijah was outside the scope of the employee’s employment with COC and, therefore, COC could not be held liable for the act of the employee. The motions were denied.
During the charge conference regarding proposed jury charges, COC specifically objected to the trial court’s giving any jury instruction that permitted Elijah to recover for a permanent injury. COC also objected to the trial court’s giving a jury instruction that could permit the jury to award medical expenses that Elijah had neither paid nor become obligated to pay. . The objections were overruled. Regarding Elijah’s claim for damages for a permanent injury, the trial court instructed the jury as follows:
“Mr. Elijah also says he’s been permanently harmed. The purposes of awarding damages for permanent harm is to compensate Mr. Elijah for that harm. Harm is permanent if in all reasonable probability it will continue for the rest of Mr. Elijah’s life. You must decide whether Mr. Elijah is permanently harmed, and if so, what amount of damages will reasonably compensate him for that harm.”
The jury returned a general verdict in favor of Elijah and assessed damages against COC in the amount of $17,500, and on May 9, 2018, the trial court entered a judgment consistent with the jury verdict. On June 6, 2013, COC filed a post-judgment motion. Among other things, COC renewed its motion for a judgment as a matter of law on the same grounds as previously argued and also argued that it was entitled to a new trial based on the erroneous instruction permitting the jury to award damages for a permanent injury. On July 24, 2013, the trial court entered an order denying COC’s postjudgment motion. On September 3, 2013, COC filed a timely notice of appeal to this court.

*1040
Standard of Review

COC contends that the trial court erred in not granting its motions for a judgment as a matter of law.
“In reviewing the trial court’s ruling- on a motion for a [judgment as a matter of law], an appellate court uses the same standard the trial court used in ruling on the motion initially. Thus, 1 “we review the evidence in a light most favorable to the nonmovant, and we determine whether the party with the burden of proof has produced sufficient evidence to require a jury determination.” ’ Acceptance Ins. Co. v. Brown, 832 So.2d 1, 12 (Ala.2001), quoting American Nat’l Fire Ins. Co. v. Hughes, 624 So.2d 1362, 1366-67 (Ala.1993); see, also, Jim Walter Homes, Inc. v. Kendrick, 810 So.2d 645, 649-50 (Ala.2001).”
Hicks v. Dunn, 819 So.2d 22, 23-24 (Ala.2001).
COC also contends that the trial court exceeded its discretion in instructing the jury that it could award damages for a permanent injury. Our supreme court has stated:
“ ‘ “A trial court has broad discretion in formulating its jury instructions, provided those instructions accurately reflect the law and the facts of the case.” Pressley v. State, 770 So.2d 115, 139 (Ala.Crim.App.1999). Thus, “generally speaking, the standard of review for jury instructions is abuse of discretion.” Pollock v. CCC Invs. I, LLC, 933 So.2d 572, 574 (Fla.Dist.Ct.App.2006).’
“Arthur v. Bolen, 41 So.3d 745, 749 (Ala.2010).
“ ‘Under Alabama law, “ ‘[a] party is entitled to proper jury instructions regarding the issues presented, and an incorrect or misleading charge may be the basis for the granting of a new trial.’ ” King v. W.A. Brown & Sons, Inc., 585 So.2d 10, 12 (Ala.1991) (citation omitted). When an objection to a jury charge has been properly preserved for review on appeal, as this one was, we “ ‘look to the entirety of the [jury] charge to see if there was reversible error,’ ” and reversal is warranted only if the error is prejudicial. King, 585 So.2d at 12.’
“George H. Lanier Mem’l Hosp. v. Andrews, 809 So.2d 802, 806 (Ala.2001).”
Clayton v. LLB Timber Co., 70 So.3d 283, 284-85 (Ala.2011).

Discussion

COC does not dispute that its employee threw a metal container that hit Elijah in his face. COC argues that its motions for a judgment as a matter of law should have been granted because the incident occurred outside the employee’s line and scope of employment as a matter of law. We disagree.
“ ‘ “A corporation or employer will be liable for the torts of its employee committed while acting in the line and scope of his employment even though the corporation or employer did not authorize or ratify such acts and even if it expressly forbade them. Old Southern Life Ins. Co. v. McConnell, 52 Ala.App. 589, [594,] 296 So.2d 183[, 186] (Ala.Civ.App. 1974). If there is any evidence in the record tending to show directly, or by reasonable inference, that the tortious conduct of the employee was committed while performing duties assigned to him, then it becomes a question for the jury to determine whether he was acting from personal motive having no relationship to the business of the employer. Plaisance v. Yelder, 408 So.2d 136 (Ala.Civ.App.1981); United States Steel Co. v. Butler, 260 Ala. 190, 69 So.2d 685 (1953).” ’ ”
*1041 Crutcher v. Wendy’s of N. Alabama, Inc., 857 So.2d 82, 91 (Ala.2003) (quoting USA Petroleum Corp. v. Hines, 770 So.2d 589, 591 (Ala.1999), quoting in turn Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 305 (Ala.1986)); see Meyer v. Wal-Mart Stores, Inc., 813 So.2d 832, 835 (Ala.2001) (quoting Plaisance v. Yelder, 408 So.2d 136, 137 (Ala.Civ.App.1981) (“‘Whether the servant was actuated solely by personal motives or by the interests of his employer is a question for the jury.’ ”)). The employee’s act of throwing the metal container that hit Elijah occurred at the restaurant while the employee was on duty, and the action arose from a discussion of the restaurant’s food quality. Viewing the evidence most favorably to Elijah, as we are required to do, Hicks v. Dunn, supra, we cannot say that the jury was required to find that the employee’s act was from a personal motive having no relationship to COC’s business. Therefore, the failure of the trial court to enter a judgment as a matter of law in favor of COC has not been shown to be reversible error.
COC also argues that there was insufficient evidence to instruct the jury that it could award damages to Elijah for a permanent injury. “ ‘The rule has long been established that the party claiming damages has the burden of establishing the existence of and amount of those damages by competent evidence.’ ” Jerkins v. Lincoln Elec. Co., 103 So.3d 1, 10 (Ala.2011) (quoting Johnson v. Harrison, 404 So.2d 337, 340 (Ala.1981)). “ ‘ “It has been held that where there is nothing from which a layman can form any well-grounded opinion as to the permanency of the injury or where the injury is purely subjective, expert evidence must be introduced. 25A C.J.S. Damages § 162(9), at 110 (1966).” ’ ” Skerlick v. Gainey, 42 So.3d 1288, 1290 (Ala.Civ.App.2010) (quoting Flowers Hosp. Inc. v. Arnold, 638 So.2d 851, 852 (Ala.1994), quoting in turn Jones v. Fortner, 507 So.2d 908, 910 (Ala.1987)).
Elijah presented no medical testimony regarding the cause of or the duration of his vision problems, which allegedly included blurred vision, .light sensitivity, and eye-twitching problems. In support of the jury’s verdict on this issue, Elijah relies solely on Jones v. Fortner, supra. In that case, Fortner suffered injuries from an automobile accident and testified that he was still experiencing pain at the time of the trial. An orthopedic surgeon testified that Fortner was not permanently impaired as a result of the accident. Our supreme court concluded that “Fortner’s injury was not obvious, and the evidence established that he made subjective complaints of pain; therefore, expert medical testimony was required to prove whether the injury was permanent.” Id. at 910. Elijah claims that the injuries to his eye were obvious and were documented in the medical records. Therefore, he contends, expert medical' testimony was not required. Elijah was permitted to introduce medical records pertaining to three visits to a physician that occurred after the incident. Those records showed that Elijah reported that he was experiencing vision problems and/or twitching in his eyelid; however, there is no medical evidence in the record from any physician or other medical-care provider regarding the cause or the. duration of any injury to Elijah’s eye, and the records document nothing more than Elijah’s subjective complaints regarding eye problems. Elijah’s alleged injuries to his eye were not obvious, i.e., not observable to the jury. Although some injuries that are observable to the jury do not require expert evidence to permit the jury to determine that the injuries are permanent, vision injuries such as the nonobservable complaints raised by Elijah are not matters of common knowledge from which a layperson could infer their permanence. The jury was permit *1042 ted to find that Elijah suffered eye problems based on his testimony; however, as in Jones v. Fortner, “expert medical testimony was required to prove whether the injury was permanent.” 507 So.2d at 910.
Therefore, the jury should not have been permitted to award damages to Elijah for a permanent injury. Becausé the jury verdict was general and did not specify the amount awarded for permanent damage, the effect of the jury instructions regarding permanent damage is uncertain. See Skerlick v. Gainey, 42 So.3d at 1290 (reversing judgment and remanding cause because no expert testimony was provided to show the permanence of a purely subjective injury and this court could not “ ‘determine whether the instructions [given by the trial court] on permanent injury affected the jury’s verdict’ ” (quoting Flowers Hospital, 638 So.2d at 853)). Accordingly, the judgment in favor of Elijah must be set aside, and COC’s motion for a new trial must be granted by the trial court on all issues. See Rule 59(a)(1), Ala. R. Civ. P., and Committee Comments on 1973 Adoption of Rule 59. Because COC is entitled.to a new trial based on the inclusion of the jury instruction regarding a permanent injury, it is not necessary to address COC’s contention that the jury instruction regarding Elijah’s claim for medical expenses was erroneous.

Conclusion

Based on the foregoing, the order denying COC’s motion for a new trial is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. There is nothing in the record describing the organizational structure of Cajun Operating Company other than a reference in the appellant's principal brief indicating that it “does business as Church’s Chicken.’’

. COC notes that Elijah twice referred to his left eye as the injured eye in his February 2013 deposition.