IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN LEE TAYLOR,

      Appellant,

v.

SEKETA CULVER,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4444

_____/

Opinion filed December 1, 2015.

An appeal from the Circuit Court for Duval County.
Hugh A. Carithers, Judge.

Angela C. Flowers of Kubicki Draper, P.A., Ocala, for Appellant.

Jessie L. Harrell of Creed & Gowdy, P.A., Jacksonville, for Appellee.

SWANSON, J.

      In this personal injury action arising from a low-impact automobile collision, Appellant first asserts the trial court erred in excluding the testimony of his expert biomedical engineer where the testimony was relevant to material issues of fact and to refute the testimony of Appellee's own biomedical engineering expert. Secondly, Appellant argues a new trial is required due to improper argument

during opening and closing arguments.  We conclude the trial court abused its discretion in excluding the testimony of Appellant's expert witness in biomedical engineering.  See Council v. State, 98 So. 3d 115, 116 (Fla. 1st DCA 2012).  This determination obviates the need to address Point II.

A trial court's decision to admit or exclude expert testimony is reviewed under an abuse of discretion standard.  Angrand v. Key, 657 So. 2d 1146, 1148 (Fla. 1995).  The boundaries of a trial court's discretion to admit or exclude evidence are confined by Florida's evidence code and controlling case law.  Council, 98 So. 3d at 117.  A fundamental cornerstone for analysis is that all relevant evidence is admissible, except as provided by law.  § 90.402, Fla. Stat. (2014).  While relevant evidence may be inadmissible where its probative value is outweighed by the danger of unfair prejudice, see section 90.403, Florida Statutes (2014), where relevant evidence is not unfairly prejudicial the trial court has no discretion or authority to exclude it.  Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1259 (Fla. 2014).

In this instance, our decision in Council provided controlling Florida case law to support the conclusion that the proffered testimony of Appellant's biomechanics expert was relevant to the disputed issues concerning velocity and the directionality of forces involved in the accident, and thus, to the issue of causation.  The trial court in this case was aware of this binding precedent but

inexplicably elected to discount and discard its authority.  This was a clear abuse of discretion.

Accordingly, the final judgment entered in favor of Appellee is reversed and the cause of action is remanded for a new trial.

REVERSED and REMANDED.

MAKAR and BILBREY, JJ., CONCUR.